Ida Mae HARDIN *v.* SOUTHERN COMPRESS COMPANY

CA 90-296                                   810 S.W.2d 501

Court of Appeals of Arkansas
Division I
Opinion delivered May 8, 1991

*Steven L. Festinger*, for appellant.

*Bailey, Trimble, Capps, Lowe, Sellars & Thomas*, by: *Chester C. Lowe, Jr.*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Ida Mae Hardin appeals from an order of the Arkansas Workers' Compensation Commission denying her claim for benefits. We find sufficient merit in one of appellant's points for appeal to warrant reversal and remand.

It is undisputed that, on December 24, 1987, appellant slipped and fell in the course and scope of her employment with Southern Compress Company, appellee. On January 12, 1988, appellant underwent surgery for a fractured right ankle. Appellee paid benefits for those medical expenses incurred by appellant through January 11, 1988, but controverted appellant's claim for temporary total and permanent partial disability benefits, along with medical benefits, incurred as a result of her fractured right ankle. Affirming and adopting the findings of fact and conclusions of law made by the administrative law judge, the Commission denied benefits.

Appellant first contends that the Commission erred in not making proper findings of fact. We agree. On appellate review of workers' compensation cases, the extent of our inquiry is limited to a determination of whether the findings of the Commission are supported by substantial evidence. Even where a preponderance of the evidence might indicate a different result, we will affirm if reasonable minds could reach the Commission's conclusion. *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 756 S.W.2d

128 (1988); *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983). It is the function of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. *Johnson* v. *Hux*, 28 Ark. App. 187, 772 S.W.2d 362 (1989).

■ Absent necessary findings of fact, this court cannot make a meaningful review of the Commission's decision. When the Commission fails to make specific findings upon which it relies to support its decision, reversal and remand of the case is appropriate. *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986).

Here, the Commission stated:

[W]e find that the claimant has failed to sustain her burden of proof. Specifically, we find from a preponderance of the evidence that the Findings of Fact made by the Administrative Law Judge are correct and they are, therefore, adopted by the Full Commission.

Therefore, we affirm and adopt the September 27, 1989, decision of the Administrative Law Judge, including all findings and conclusions therein, as the decision of the Full Commission on appeal. This claim is respectfully denied and dismissed.

■ Although the Commission may specifically adopt the findings of fact made by the administrative law judge, *see ITT/Higbie Mfg.* v. *Gilliam*, 34 Ark. App. 154, 807 S.W.2d 44 (1991), the administrative law judge in this case failed to make the findings necessary for us to review whether there is substantial evidence to support the decision of the Commission. The administrative law judge merely summarized the testimony of the witnesses; he did not make findings of fact based on that testimony. As we are unable to determine from the record the factual basis upon which the Commission denied appellant's claim, we cannot ascertain whether the Commission correctly applied the law and denied benefits. *See Green House, Inc.* v. *Arkansas Alcoholic Beverage Control Div.*, 29 Ark. App. 229, 780 S.W.2d 347 (1989). We therefore remand the case for the Commission to make the specific findings of fact upon which it relied in making its decision.

Reversed and remanded.

MAYFIELD and ROGERS, JJ., agree.