Russell DANIEL *v.* FIRESTONE BUILDING PRODUCTS
and Gallagher Bassett

CA 96-1119                                          942 S.W.2d 277

Court of Appeals of Arkansas
Division II
Opinion delivered April 23, 1997

*Kinard, Crane & Butler, P.A.,* by: *Steve R. Crane,* for appellant.

*Dunn, Nutter, Morgan & Shaw,* by: *Nelson V. Shaw,* for appellees.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case filed a claim after he slipped and was injured while pulling extremely heavy sheets of rubber over rollers in the course of his employment with the appellee. The Commission denied the claim because it found no evidence to satisfy the "objective findings" requirement of Ark. Code Ann. § 11-9-102(5)(D) (Repl. 1996). For reversal, the appellant contends that the Commission erred in concluding that the medical evidence was not based on objective findings. We agree, and we reverse.

"Objective findings" are defined at Ark. Code Ann. § 11-9-102(16) (Repl. 1996) as follows:

(16)(A)(i) "Objective findings" are those findings which cannot come under the voluntary control of the patient.

(ii) When determining physical or anatomical impairment, neither a physician, any other medical provider, an administrative law judge, the Workers' Compensation Commission, nor the courts may consider complaints of pain; for the purpose of making physical or anatomical impairment ratings to the spine, straight-leg-raising tests or range-of-motion tests shall not be considered objective findings.

(B) Medical opinions addressing compensability and permanent impairment must be stated within a reasonable degree of medical certainty . . .

The Commission found that the appellant was injured and had physical difficulties as he related at the hearing but concluded that the strict construction required of the new Workers' Compensation Act mandated a finding that there was no medical evidence that satisfied the "objective findings" requirement.

The Commission correctly noted that the legislature has mandated that our new workers' compensation law, Act 796 of 1993, must be strictly and literally construed by the Commission and the courts. Ark. Code Ann. § 11-9-1001 (Repl. 1996). We think it apparent that the Commission is making every effort to comply with the legislative mandate, a difficult task that requires that a fine balance be struck between the legislature's prohibition against broadening the scope of the workers' compensation statutes and the legislature's express statement that the controlling purpose of workers' compensation is to pay benefits to all legitimately injured workers. *Id.* Nevertheless, we think that the Commission erred in the case at bar. In its opinion, the Commission noted that Dr. Green testified regarding the appellant's injuries, stating that:

He has had no surgeries. X-rays dated July 8, 1994 of the pelvis and hip were normal. These were the only x-rays.

On physical examination, he has 5 cm by 5 cm fibrous mass on the right iliac crest, probably from the contusion, fibrous from the fall. He has pain on flexion over this area. Range of motion of his lumbar spine was within normal limits, as well as the lower

extremities. He had no loss of strength against resistance. He could heel and toe walk. He is able to squat. He had no sensory deficits. His patella and ankle reflexes were normal.

. . .

His diagnosis is probably sprain, but I do feel (MRI should be taken) to rule out any pathology. He should have a therapy program of stretching and isometric strengthening of his lumbar and abdominal muscles and possibly a trigger point injection. . . .

■ We hold that Dr. Green's direct observation of a "5 cm by 5 cm fibrous mass" constituted an objective finding pursuant to § 11-9-102(16), and we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ROGERS and MEADS, JJ., agree.