SWIFT-ECKRICH, INC. *v.* Sheila BROCK

CA 98–262                                    975 S.W.2d 857

Court of Appeals of Arkansas
Division I
Opinion delivered September 30, 1998

*Bassett Law Firm*, by: *Curtis L. Nebben*, for appellant.

*Scott Hunter*, for appellee.

WENDELL L. GRIFFEN, Judge. Swift-Eckrich, Inc., appeals from the opinion and order of the Arkansas Workers' Compensation Commission filed on November 12, 1997, which awarded Sheila Brock benefits for permanent partial impairment to the body as a whole. The appellant raises the sole issue that there is no substantial evidence in the record to support this award. We affirm. Brock was struck by a vehicle in her employer's parking lot on December 1, 1994. She was knocked unconscious and has no memory of that event. CT scans taken during her hospitalization revealed cerebral edema and interhemispheric hemorrhage. Neuropsychological testing by Dr. Michael Inman was done in

February 1995 and March 1996. The testing was interpreted by Dr. Inman, who concluded that Brock sustained residual defects in verbal memory, higher level balance, and that she sustained loss of smell and taste secondary to cranial nerve damage. Based upon those factors, Dr. Inman concluded that Brock had sustained permanent physical impairment of five percent to the body as a whole. Brock returned to her pre-injury job and wage. The employer accepted her injury and treatment as compensable, but controverted the permanent impairment rating.

A hearing was held before the Administrative Law Judge (ALJ) on February 5, 1997, where the ALJ found that, as a result of her compensable injury, appellee sustained a five percent permanent partial impairment to the body as a whole. The ALJ found that the impairment was supported by appellee's trauma, which caused a loss of consciousness, a concussion, interhemispheric hemorrhage, cerebral edema, partial lateral meniscus tear, and other "residual problems." The ALJ denied wage-loss disability and vocational rehabilitation benefits because appellee had successfully returned to her pre-injury occupation and was earning the same wages.

The appellant timely appealed this award of permanent partial disability benefits to the Arkansas Workers' Compensation Commission. Appellant argued that the findings of the ALJ were not objective and measurable findings of any permanent impairment, but only demonstrated the compensable injury. Appellant also argued that the five percent rating of impairment was not in accordance with the guidelines specifically adopted by Rule 34 of the Arkansas Workers' Compensation Commission. The Workers' Compensation Commission affirmed the decision of the ALJ, and found that appellee Brock sustained cognitive dysfunction and impairment due to the brain trauma.

In reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. *Arkansas Dept. of Health v. Williams*, 43 Ark. App. 169, 863 S.W.2d 583 (1993).

Substantial evidence exists "if reasonable minds could have reached the same conclusion." *Kuhn v. Majestic Hotel*, 324 Ark. 21, 23, 918 S.W.2d 158, 159 (1996)(quoting *Plante v. Tyson Foods, Inc.*, 319 Ark. 126, 127-28, 890 S.W.2d 253, 253-54 (1994)). Matters of credibility are exclusively within the Commission's domain. *Id.* Even where the basis of credibility is "specious at best," such a matter is for the Commission's determination. *Williams, supra.* Where there are contradictions in the evidence, the Commission is allowed to reconcile the evidence and does not have to reject the testimony nor consider a claimant's testimony as uncontroverted. *Williams, supra.* The authority of the Commission to resolve conflicting evidence also extends to medical testimony. *Foxx v. American Transp.*, 54 Ark. App. 115, 924 S.W.2d 814 (1996). Although the Commission is not bound by medical testimony, it may not arbitrarily disregard any witness's testimony. *Reeder v. Rheem Mfg. Co.*, 38 Ark. App. 248, 832 S.W.2d 505 (1992). The Commission is entitled to review the basis for a doctor's opinion in deciding the weight of the opinion, and is not required to reject medical testimony simply because the doctor describes the bases for his opinions as subjective. *Id.* There is no requirement that medical testimony be expressly or solely based on objective findings, only that the record contain supporting objective findings. *Id.*

██ ██ Appellant argues that Brock's problems stem from underlying psychiatric problems, and that the injuries are not permanent impairments "supported by objective and measurable physical or mental findings" as required by Arkansas Code Annotated section 11-9-704(c) (Repl. 1996). Objective findings are defined as "those which cannot come under the voluntary control of the patient." Ark. Code Ann. § 11-9-102(16) (Supp. 1997); *see University of Ark. Med. Sciences v. Hart*, 60 Ark. App. 13, 958 S.W.2d 546 (1997); *see also Keller v. L.A. Darling Fixtures*, 40 Ark. App. 94, 845 S.W.2d 15 (1992)(holding that objective findings are based upon observable criteria perceived by someone other than claimant). Thus, the claimant's pain and other verbal responses to clinical tests may not be considered. *Duke v. Regis Hairstylists*, 55

Ark. App. 327, 935 S.W.2d 600 (1996).[1] Appellant argues that because Brock's problems are psychiatric, Chapter 14 of the *AMA Guidelines to the Evaluation of Permanent Impairment*, 4th ed., determines what will constitute sufficient objective findings. Appellant contends that the medical testimony used the incorrect standards of an earlier edition, and, therefore, is insufficient.

On the other hand, Brock argues that because her injury involved a physical trauma to the brain, Chapter 4 of the *Guidelines* determines what will constitute sufficient objective findings, and that Chapter 4 was properly used in this case.

■■ The Commission is to determine the credibility of the medical evidence and may review the basis for the opinion. *See Foxx* and *Reeder, supra.* The Commission found that Brock's cognitive dysfunction and impairments were caused by actual physical trauma to the brain, and looked to Chapter 4 of the *Guidelines* in finding impairment. Its opinion emphasized the CT scans, which showed cerebral edema and interhemispheric hemorrhaging. In reviewing the basis for the medical opinion, the Commission found that the evidence was sufficiently objective to support a finding of impairment under Chapter 4 of the *Guidelines*, and it cannot be said that the Commission erred in making that determination.

Appellant claims that this evidence demonstrates a compensable injury, but does not constitute objective findings of impairment. Appellant seems to argue that Brock's compensable injury is not the major cause of any permanent impairment, which prevents awarding of permanent benefits. *See Smith v. Gerber Prods.*, 54 Ark. App. 57, 922 S.W.2d 365 (1996). Arkansas Code Anno-

---

[1] Although this court has previously found that objective findings included diagnoses developed by physicians "based on results obtained from clinical tests which reveal consistent and repeated responses to specific stimuli," *Keller*, 40 Ark. App. at 98, 845 S.W.2d at 17, such holdings are no longer valid in light of the strict interpretation of the statute which defines objective findings as those not under the voluntary control of the patient. *Duke v. Regis Hairstylists*, 55 Ark. App. 327, 935 S.W.2d 600 (1996). Objective findings did not exist in *Duke* where the findings were based upon patient responses to stimuli even where the tests had built in safeguards against patient fabrications. Objective findings did exist in *Daniel v. Firestone*, 57 Ark. App. 123, 942 S.W.2d 277 (1997), where the doctor observed a "fibrous mass" in the patient's body.

tated section 11-9-102(5)(F)(ii)(a) (Repl. 1997) provides that "[p]ermanent benefits shall be awarded only upon a determination that the compensable injury was the major cause of the disability or impairment." "[M]ajor cause" is that which is more than half of the cause. Ark. Code Ann. § 11-9-102(14).

■   Although Brock's complaints of pain and headaches are indications over which she has voluntary control, and are not to be considered as objective findings, her intracranial bleeding, cranial nerve damage with loss of smell and taste, and the results of her CAT scan are objective findings according to *Duke, supra.* Conflicting evidence as to whether something is a major cause is a question of fact accorded the Commission, *Blytheville v. McCormick,* 56 Ark. App. 149, 939 S.W.2d 855 (1997). Here, the Commission found that Brock's injuries were a result of head trauma, not underlying mental problems. It cannot be said that the Commission's decision was not based on substantial evidence.

Affirmed.

NEAL and STROUD, JJ., agree.