CONTINENTAL EXPRESS, INC. *v.* Marty FREEMAN

CA 98–1068                                            989 S.W.2d 538

Court of Appeals of Arkansas
Division IV
Opinion delivered March 24, 1999

*Roberts Law Firm, P.A.*, by: *Bud Roberts* and *Bruce D. Anible*, for appellant.

*The Cortinez Law Firm, P.L.L.C.*, by: *Christopher D. Anderson*, for appellee.

A NDREE LAYTON ROAF, Judge. Continental Express, Inc. (Continental), appeals a decision of the Workers' Compensation Commission reversing an administrative law judge

and finding that appellee Marty Freeman had met his burden of proving by objective medical evidence that he had sustained a compensable injury. On appeal, Continental argues: 1) the Commission erred in its interpretation and application of Ark. Code Ann. § 11-9-102 (Supp. 1997), the portion of our workers' compensation statute that defines a compensable injury; and 2) the Commission failed to consider the record as a whole in finding that Freeman had suffered a compensable injury. We affirm.

Freeman began work for Continental as a trailer mechanic on March 4, 1996. On March 25, 1996, he injured his lower back while steadying a ladder that had slipped out from under a co-worker who had climbed to the top to change a light on a trailer. While the co-worker was hanging from the top of the trailer, Freeman angled the ladder under him and held it while he climbed down.

According to Freeman, his back started hurting, and his right leg "started feeling kind of funny." He immediately reported the accident to his supervisor. He presented that day to Dr. Darien Wilbourn at the Medistat Clinic in Little Rock and was diagnosed with lumbar strain. Dr. Wilbourn took Freeman off work, prescribed physical therapy, and referred Freeman to orthopaedic surgeon Dr. Joe W. Crow, who concurred with the diagnosis. Dr. Crow treated the injury with steroid injections and additional physical therapy. Reports from the physical therapist who treated Freeman indicated the presence of muscle spasms. Freeman was subsequently referred to neurosurgeon Dr. Steven L. Cathey who, based in part on an MRI conducted on May 14, 1996, concluded that Freeman would not benefit from lumbar disc surgery.

Continental initially accepted the injury as compensable and paid temporary total disability benefits (TTD) through December 4, 1996. However, when Freeman sought additional TTD, Continental controverted the claim. A hearing was held before an administrative law judge (ALJ) in which Freeman's testimony and his medical records were the only evidence submitted. Included in the medical records was the report of an MRI conducted on February 1, 1990, which was substantially similar to the report

from the MRI that was conducted on May 14, 1996. The ALJ denied Freeman benefits in an order that stated in pertinent part that he failed to prove by objective medical evidence that he sustained a compensable injury.

The Commission reversed, finding that the physical therapist's report of muscle spasms constituted objective medical evidence. It, however, denied Freeman additional benefits, finding that he failed to present any evidence that he was still within his healing period; Freeman did not file a cross-appeal.

Continental first argues that the Commission erred in its interpretation and application of Ark. Code Ann. § 11-9-102(16), in finding that Freeman's injury was compensable, because it misinterpreted the physical therapist's chart in concluding that Freeman exhibited muscle spasms on March 29, 1996, and April 2, 1996. Continental asserts that the chart was "sloppy" and specifically cites the misalignment of the "S" and "O," which respectively designate subjective and objective information for the March 29 entry. Continental further contends that the March 29 entry which states: "R (right) lumbar and gluteal pain and spasm" provides no objective evidence because "[p]ain is obviously a subjective complaint, and it is logical to conclude that on 3-29-96, the Appellee merely complained of spasms, since the physical therapist included the word 'spasm' in the same sentence with the purely subjective pain complaints." Regarding the April 2, 1996, entry on the physical therapist's chart, which begins with "Ms. (Muscle) spasm," Continental argues that "[i]t is logical to conclude that this is a subjective complaint by Appellee since the physical therapist has consistently followed a pattern of recording subjective complaints first for each day's entries, and because this entry is followed by another entry regarding subjective complaints of pain."

In the alternative, Continental argues that even if the physical therapist did "opine" that Freeman had observable muscle spasms, the physical therapist is not qualified to state a medical opinion within a reasonable degree of medical certainty, as required by Ark. Code Ann. § 11-9-102(16)(B). Continental further claims

that the Arkansas Workers' Compensation Commission has held that a chiropractor is not qualified to state a medical opinion within a reasonable degree of medical certainty and that the same principle should apply to physical therapists. It asserts that chiropractors and physical therapists have very similar levels of training, and neither occupation is as well trained and educated in medical science as a medical doctor. These arguments are unpersuasive.

■ ■ To be compensable, Freeman's injury to his back had to be established by medical evidence, supported by "objective findings." Ark. Code Ann. § 11-9-102(5) provides in pertinent part:

> (A) "Compensable injury" means:
>
> (i) An accidental injury causing internal or external physical harm to the body . . . arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is identifiable by time and place of occurrence

Ark. Code Ann. § 11-9-102(5)(D) provides that a compensable injury must be established by medical evidence, supported by "objective findings" as defined in section 11-9-102(16). "Objective findings" are defined as findings that cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16)(A)(i); *see Daniel v. Firestone Bldg. Prods.*, 57 Ark. App. 123, 942 S.W.2d 277 (1997). In *University of Ark. Med. Sciences v. Hart*, 60 Ark. App. 13, 958 S.W.2d 546 (1997), this court held that muscle spasms can constitute objective medical evidence. The court in *Hart* cited the following definition of muscle spasm contained in Stedman's Medical Dictionary 1304 (23d ed. 1976): "1. An involuntary muscular contraction. . . . 2. Increased muscular tension and shortness which cannot be released voluntarily and which prevent lengthening of the muscles involved; [spasm] is due to pain stimuli to the lower motor neuron."

■ When we review workers' compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and

we affirm if those findings are supported by substantial evidence. *High Capacity Prods. v. Moore*, 61 Ark. App. 1, 962 S.W.2d 831 (1998). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue on appeal is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm the Commission's decision. *Id.* We hold that there is substantial evidence to support the Commission's decision.

Regarding Continental's argument that the Commission erred in interpreting the physical therapist's progress notes, our review is hindered by the way that it abstracted these documents. The progress notes are not completely abstracted. Of particular note, the alleged misalignment of the "S" and "O" is not reflected in the abstract. It is the appellant's burden to abstract the record to demonstrate error, and we will not go to the record to determine whether reversible error occurred. *Couch v. First State Bank*, 49 Ark. App. 102, 898 S.W.2d 57 (1995). Furthermore, contrary to Continental's assertion, the progress notes as abstracted do not reveal any consistent pattern for listing whether pain or spasm or both were present. The entries for 4-3-96 and 4-4-96 state only that there were no muscle spasms present. The entry for 4-1-96 states only: "Movement Sunday aggravated symptoms. Felt good until then." The entry for 3-29-96 lists the location of pain first, then the presence of spasm, and the entry for 4-2-96 notes the presence of spasm first, then identifies the location of the pain. Under these circumstances, a conclusion by this court that the Commission's interpretation of the progress notes was error would be nothing more than an impermissible substitution of our opinion for that of the Commission. *High Capacity Prods. v. Moore, supra.*

■ ■ Also unpersuasive is Continental's alternative argument that the findings of muscle spasms by a physical therapist cannot constitute objective findings because a physical therapist is unqualified to state a medical opinion to a reasonable degree of

medical certainty. In the first place, Continental's argument rests on the faulty premise that an objective finding is somehow synonymous with or otherwise based on medical opinion. No Arkansas court has ever made such a connection. In *Keller v. L. A. Darling Fixtures*, 40 Ark. App. 94, 845 S.W.2d 15 (1992), we held that "objective findings" are based on observable criteria perceived by someone other than the claimant. *See Swift-Eckrich, Inc. v. Brock*, 63 Ark. App. 118, 975 S.W.2d 857 (1998). We cannot disagree with the Commission's statement in the instant case that a "physical therapist would surely be trained in techniques designed to detect muscle spasms during physical therapy."

Continental next argues that by finding that Freeman sustained a compensable injury, the Commission failed to consider the record as a whole. Continental cites the similarity between the results of the MRIs conducted before and after the injury, and it asserts that when the record as a whole is considered, Freeman failed to produce objective findings establishing that he sustained a compensable injury. This argument also fails to persuade.

■ As noted above, the Commission correctly found that muscle spasms constituted objective findings for the purpose of establishing compensability. Accordingly, the similarity between the 1990 and 1996 MRI results are of no moment. It is well settled that an employer takes an employee as he finds him and employment circumstances that aggravate preexisting conditions are compensable. *St. Vincent Infirmary Med. Ctr. v. Brown*, 53 Ark. App. 30, 917 S.W.2d 550 (1996).

Affirmed.

JENNINGS and NEAL, JJ., agree.