Thomas MAUPIN *v.*
PULASKI COUNTY SHERIFF'S OFFICE

CA 04-727                                              203 S.W.3d 668

Court of Appeals of Arkansas
Opinion delivered February 16, 2005

2

*The Whetstone Law Firm*, by: *Kevin Mark Odum*, for appellant.

*Matthews, Sanders & Sayes*, by: *Gail O. Matthews*, for appellees.

JOHN MAUZY PITTMAN, Chief Judge. The appellant in this workers' compensation case, a sheriff's deputy in Pulaski County, was injured in a traffic accident in Perry County while commuting to work. He filed a claim for benefits that was denied by the Arkansas Workers' Compensation Commission on the strength of its finding that appellant was not performing employment services when he was injured. On appeal, appellant contends that the Commission erred in determining that he was not carrying out his employer's purpose or advancing the employer's interests when he was injured. We do not agree, and we affirm.

The factual issue in this case is framed by Ark. Code Ann. § 11-9-102(4)(B)(iii) (Supp. 2003), which excludes from the definition of compensable injury any injury sustained by the employee at a time when employment services were not being performed. We use the same test to determine whether an em-

ployee was performing "employment services" as we do when determining whether an employee was acting within "the course of employment." *Pifer v. Single Source Transportation*, 347 Ark. 851, 69 S.W.3d 1 (2002). The test is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. *Id.*

■ In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Wal-Mart Stores, Inc. v. Sands*, 80 Ark. App. 51, 91 S.W.3d 93 (2002). Substantial evidence is evidence that a reasonable person might accept as adequate to support a conclusion. *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997). Determining the credibility and weight to be given a witness's testimony is a question within the sole province of the Commission. *Smith v. City of Fort Smith*, 84 Ark. App. 430, 143 S.W.3d 593 (2004).

■ Appellant initially cites the correct standard of review, but appears not to fully understand its import, arguing that:

> Claimant contends that the decision of the Commission is clearly erroneous. Claimant contends he sustained on-the-job injuries on November 13, 2001 and, based on a *de novo* review of the evidence presented to the Workers' Compensation Commission, respectfully requests that the Commission's decision be reversed.

The clearly erroneous standard of review is not applicable to appeals from the factual findings of the Workers' Compensation Commission. The substantial-evidence standard of review, which is mandated by statute,[1] is much more limited. We do not weigh the evidence presented to the Commission; instead, we view the evidence in the light most favorable to the Commission's findings. The question on appeal is not whether we would have reached the same conclusion as the Commission did had we been charged with the duty of finding the facts. There may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if

---

[1] Ark. Code Ann. § 11-9-711(b)(4)(D) (Supp. 2003).

we sat as the trier of fact or heard the case *de novo. Wright v. Tyson Foods, Inc.*, 28 Ark. App. 261, 773 S.W.2d 110 (1989). Instead, we will reverse the Commission's decision only if we are convinced that fair-minded persons with the same facts before them could not have reached the findings arrived at by the Commission. *White v. Georgia-Pacific Corp.*, 339 Ark. 474, 6 S.W.3d 98 (1999).

The facts relevant to the issue before us can be briefly stated. Appellant was employed by the Pulaski County Sheriff's Department as a deputy. His duties involved physical patrol of Pulaski County in his squad car. Appellant resided in Perry County and commuted to work in Pulaski County in his private vehicle. Appellant was not paid for travel time. He had no authority to conduct official police business in Perry County. On the day of the accident, appellant was scheduled to work from 10:45 p.m. until 6:45 a.m. The accident, which involved no police business, took place in Perry County at 9:50 p.m. as appellant was driving to work. Although he was not required to do so, appellant was dressed in his police uniform and listening to the police radio to acquaint himself with the tactical situation before he began his shift.

Appellant's argument that the Commission erred in determining that he was not carrying out his employer's purpose or advancing the employer's interests when he was injured fails for two reasons. First, it is primarily based on the assertion that the Commission erred in failing to credit the testimony of appellant's superior that appellant was furthering the interest of the Pulaski County Sheriff's Department when he was injured, an assertion that ignores the settled law that the credibility of witnesses and the weight to be given their testimony is in the exclusive province of the Workers' Compensation Commission. *See, e.g., Smith v. City of Fort Smith, supra.* Here, appellant's superior also testified that he was personally very sympathetic to appellant, an exemplary police officer who sustained crippling injures while en route to work. Furthermore, although appellant's superior did state that he believed that appellant was advancing the interest of the Pulaski County Sheriff's Department while driving to work, he also testified that appellant was not required to be in uniform on his way to work, was not required to have his radio on, was not being paid for his travel time, that he had no more authority than an ordinary citizen outside of Pulaski County, and that the Pulaski County Sheriff's Department did not dispatch police officers to

scenes of problems when they are in their personal vehicles. Clearly, the Commission could reasonably credit the witness's statement of facts rather than the opinions the witness expressed regarding the legal significance of those facts.

Second, appellant's argument focuses solely on whether appellant, at the time of his injury, was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. This ignores the remainder of the "employment services" test, *i.e.,* whether the injury occurred within the time and space boundaries of the employment. Given the evidence that the injury occurred before appellant's work shift had started, and while appellant was outside the territorial jurisdiction of the department by which he was employed, we hold that the Commission could reasonably conclude that appellant's injury was sustained at a time when employment services were not being performed.

Affirmed.

GLADWIN and VAUGHT, JJ., agree.