## Jimmy SINGLETON *v.* CITY OF PINE BLUFF

CA 06–398                                        244 S.W.3d 709

Court of Appeals of Arkansas
Opinion delivered December 6, 2006

*The Harper Law Office*, by: Kenneth A. Harper, for appellant.

*J. Chris Bradley*, for appellees.

JOHN MAUZY PITTMAN, Chief Judge. The appellant was employed by the City of Pine Bluff as a police officer. While acting in the course and within the scope of that employment on March 1, 2003, appellant was struck on the right side of the head and shot in the left ankle by a felon. He was provided medical benefits and subsequently filed a claim asserting that he was entitled to disability benefits for his injuries. The Arkansas Workers' Compensation Com-

mission found that he failed to prove that he sustained a compensable anatomical impairment or wage-loss disability and denied his claim. On appeal, appellant argues that this finding was in error. We agree, and we reverse.

In determining the sufficiency of the evidence to support decisions of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence, i.e., evidence that a reasonable person might accept as adequate to support a conclusion. *Carman v. Haworth, Inc.*, 74 Ark. App. 55, 45 S.W.3d 408 (2001). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Wal-Mart Stores, Inc. v. Sands*, 80 Ark. App. 51, 91 S.W.3d 93 (2002). Where, as here, the Commission has denied a claim because of the claimant's failure to meet his burden of proof, the substantial evidence standard of review requires that we affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Williams v. Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979).

Here, the Commission's opinion fails to display a substantial basis for the denial of relief. It is undisputed that appellant was shot in the left ankle. It is likewise undisputed that five bullet fragments remain in appellant's ankle because doctors determined that it would be more dangerous to remove them than to allow them to remain in place. There is, therefore, unquestionably objective evidence of physical injury in this case. Nevertheless, the Commission denied relief by employing an analysis that expressly rejected all evidence of physical impairment that was not objective.

Although it is irrefutably true that the legislature has required medical evidence supported by objective findings to establish a compensable injury, it does not follow that such evidence is required to establish each and every element of compensability. *Stephens Truck Lines v. Millican*, 58 Ark. App. 275, 950 S.W.2d 472 (1997). All that is required is that the medical evidence of the injury and impairment be *supported by* objective findings, Ark. Code Ann. §§ 11-9-102(4)(D), 11-9-704(c)(1)(B) (Repl. 2002), i.e., findings that cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16)(A)(i). Here, the appel-

lant's allegations of a foot injury affecting his mobility are quite clearly supported by observed bullet fragments embedded in his foot. Nevertheless, although the requirement of support by objective findings had been satisfied, the Commission rejected the medical opinion offered by Dr. Baskin that appellant's ankle injury resulted in eight-percent anatomical impairment simply because it was based in part upon non-objective evidence, i.e., Dr. Baskin's observation that appellant exhibited an antalgic gait. After rejecting Dr. Baskin's observations of a defective gait because they did not meet the statutory standard of objectivity, the Commission concluded that, although appellant still had bullet fragments in his ankle that cause discomfort and occasional swelling, he "miraculously . . . sustained no permanent structural damage to his ankle as a result of his gunshot wound."

■ As the Commission acknowledges in its opinion, there is no requirement that medical testimony be based solely or expressly on objective findings, only that the record contain supporting objective findings. *Swift-Eckrich, Inc. v. Brock*, 63 Ark. App. 118, 975 S.W.2d 857 (1998). Furthermore, credibility is a matter for the Commission to determine, even where the basis for the credibility finding is "specious at best." *Id*. Nevertheless, we think that a determination of credibility based on rejection of subjective evidence in favor of a "miraculous" result is less than specious and fails to show a substantial basis for denial of relief. Clearly, the Commission arbitrarily and improperly rejected subjective evidence in determining that appellant sustained no anatomical impairment as a result of his ankle injury, and it appears that this error also may have affected the Commission's findings with respect to the other issues in this case. Consequently, we reverse and remand for further proceedings consistent with this opinion. In so doing, we do not hold that the Commission could not, under any circumstances, find that Dr. Baskin's opinion lacked credibility; instead, we hold only that the Commission erred in doing so for the reasons stated in the order from which appellant appealed.

Reversed and remanded.

BIRD and NEAL, JJ., agree.