2009 Ark. App. 251

**David PYLE, Appellant,**

v.

**WOODFIELD, INC. and Retention Management Services, Inc., Appellees.**

**No. CA 08–846.**

Court of Appeals of Arkansas.

April 8, 2009.

Moore & Giles, LLP, by Greg Giles, Texarkana, for appellant.

Worley, Wood & Parrish, P.A., by Melissa Wood, Little Rock, for appellees.

RITA W. GRUBER, Judge.

David Pyle appeals from the Arkansas Workers' Compensation Commission's denial of his claim for additional benefits. He argues that there is no substantial evidence to support the Commission's decision. We find no error and affirm.

Appellant, a truck driver, sustained admittedly compensable knee and back injuries when he fell off a flatbed trailer while pulling a tarp over his load on May 4, 2005. He was provided workers' compensation benefits, including temporary-total disability and medical treatment. His treating physician, Dr. Jay Lipke, took MRI images of appellant's back and knee, and ordered that he stay off work while he was treated with medication, physical therapy, and epidural steroid injections. Appellant remained off work through December 6, 2005, when Dr. Lipke assigned him a five-percent anatomical impairment rating.

On August 8, 2006, appellant returned to Dr. Lipke with continued problems. The clinic note of that date includes Dr. Lipke's impression of "work related back injury with persistent sciatica" and an order for "a myelogram with CT to follow to see if there is an operative problem that may relieve [appellant's] persistent symptoms and allow him to return to gainful [employment]." In a work-status report, also dated August 8, 2006, Dr. Lipke did not take appellant off work. In a letter of January 10, 2007, however, appellant's attorney requested Dr. Lipke's signature to confirm that it was reasonable and necessary for appellant to remain off work pending his additional testing and treatment. Dr. Lipke signed the attorney's letter on February 12, 2007. On January 26, 2007, Dr. Fred Murphy reported that he was providing care to appellant for multiple medical problems, one of which involved back and knee pain, and that appellant's "present condition" precluded him from working.

Appellant never returned to any employment. On February 20, 2007, a hearing was conducted before the administrative law judge on appellant's claim for additional medical treatment and for temporary-total disability benefits from August 8, 2006, to a date yet undetermined. The administrative law judge found that the additional testing Dr. Lipke had recommended was reasonably necessary and related to appellant's compensable injuries, but appellant's claim for additional temporary-total disability was rejected based on a finding that he failed to prove a total incapacity to earn wages due to his compensable injury. The Commission affirmed and adopted the law judge's opinion in a 2–1 decision.

Appellant contends on appeal that the Commission rejected unrebutted testimony from two physicians that he was unable to work. He argues that because additional testing has been found necessary, he has entered a second healing period that will not end until Dr. Lipke releases him from the second round of care.

When an injured employee is totally incapacitated from earning wages and remains in his healing period, he is entitled to temporary-total disability. *K II Constr. Co. v. Crabtree*, 78 Ark.App. 222, 79 S.W.3d 414 (2002). The healing period ends when the employee is as far restored as the permanent nature of his injury will permit, and if the underlying condition causing the disability has become stable and if nothing in the way of treatment will improve that condition, the healing period has ended. *Id.* The question of when the healing period has ended is a factual determination for the Commission that will be affirmed if it is supported by substantial evidence. *Id.*

In determining the sufficiency of the evidence to support decisions of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence, *i.e.*, evidence that a reasonable person might accept as adequate to support a conclusion. *Singleton v. City of Pine Bluff,* 97 Ark. App. 59, 244 S.W.3d 709 |₄(2006). Although it is within the province of the Commission to weigh conflicting medical evidence, the Commission may not arbitrarily disregard medical evidence or the testimony of any witness. *Roberts v. Whirlpool,* 102 Ark.App. 284, 284 S.W.3d 100 (2008). Where, as here, the Commission has denied a claim because of the claimant's failure to meet his burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Williams v. Arkansas Oak Flooring Co.,* 267 Ark. 810, 590 S.W.2d 328 (Ark.App. 1979).

There was evidence before the Commission that appellant suffered from numerous, severe medical conditions unrelated to his work injury. Appellant was morbidly obese; was a recovering alcoholic and recovering user of intravenous heroin and other sorts of illegal drugs, including crack cocaine and methamphetamine; suffered from diabetes, cirrhosis, and hepatitis C and needed a liver transplant; and suffered from a seizure disorder, bipolar disorder, and chronic and severe depression with suicidal ideations. Dr. Lipke stated that appellant would reach maximum medical improvement as of January 1, 2006, and attributed appellant's inability to work to a seizure condition rather than to his compensable work-related injuries. Dr. Lipke's subsequent off-work recommendation was in response to a direct request by appellant's attorney, who asked that appellant be assigned off-work status pending additional testing; Dr. Lipke simply signed the letter without expressing any reason for taking appellant off work.

|₅Appellant's arguments go to the weight and interpretation of the medical evidence, which were matters for the Commission. The Commission acknowledged the off-work slip Dr. Lipke signed at the request of appellant's attorney on February 12, 2007, but noted that Dr. Lipke had not taken appellant off work on August 8, 2006. It was up to the Commission, as finder of fact, to consider these two somewhat inconsistent acts and to determine if appellant was unable to work because of his compensable injury. Likewise, the Commission was required to weigh its resolution of this issue against Dr. Murphy's opinion that appellant's "condition" precluded him from working. Viewing the evidence in the light most favorable to the Commission's findings, as we must, we cannot say that the Commission's explanation for its decision did not constitute a substantial basis for denial of relief. *See Williams v. Arkansas Oak Flooring Co., supra.*

Affirmed.

BAKER, J., agrees.

PITTMAN, J., concurs.

JOHN MAUZY PITTMAN, Judge, concurring.

I agree with Judge Gruber's opinion in all respects. I write separately only to state my concern with the increasing tendency of appellants in workers' compensation cases to argue for reversal on the ground that the Commission has arbitrarily disregarded evidence favorable to the party with the burden of proof.

Appellant's sufficiency argument is based on a line of cases by our court stating that the Commission cannot "arbitrarily disregard" evidence. Certainly, this is true. The Commission cannot disbelieve the testimony of a witness for an irrational or whimsical reason; for example, it cannot decide a case on the rationale that witnesses with names beginning in vowels are never credible, or that foreign-born doctors always offer more accurate medical opinions, or that back injuries are never work-related.[1] Arbitrary disregard of evidence is also demonstrated where the Commission affirmatively states that there is "no evidence" for a proposition when such evidence has in fact been presented in the proceeding. *See Edens v. Superior Marble & Glass*, 346 Ark. 487, 58 S.W.3d 369 (2001).

Just as certainly, however, the prohibition on arbitrary decision-making has sometimes been seen as an opportunity for the appellate court to weigh evidence not relied upon by the Commission against the evidence that the Commission chose to believe. This view is mistaken. Under the substantial-evidence standard that we are statutorily bound to employ, we may not even consider evidence that the Commission did not rely upon, much less weigh it against evidence that the Commission found credible, unless the appellant has demonstrated that the Commission ignored that evidence for a reason that was truly arbitrary in the sense of those mentioned in the examples given above. *See, e.g., Woodall v. Hunnicutt Construction,* 340 Ark. 377, 12 S.W.3d 630 (2000); *Mau-*

*pin v. Pulaski County Sheriff's Office,* 90 Ark.App. 1, 203 S.W.3d 668 (2005); *K II Construction Company v. Crabtree,* 78 Ark.App. 222, 79 S.W.3d 414 (2002); *Hardin v. Southern Compress Co.,* 34 Ark. App. 208, 810 S.W.2d 501 (1991). To do so, the appellant bears the heavy burden of proving that the Commission's action was a willful and unreasoned one, made without consideration, and with a disregard of the facts or circumstances of the case. *Beverly Enterprises–Arkansas, Inc. v. Arkansas Health Services,* 308 Ark. 221, 824 S.W.2d 363 (1992). Proving that mere error has occurred is not sufficient to meet this test. *Woodyard v. Arkansas Diversified Insurance Co.,* 268 Ark. 94, 594 S.W.2d 13 (1980); *Bryant v. Arkansas Public Service Commission,* 55 Ark.App. 125, 931 S.W.2d 795 (1996). The questions of substantial evidence and arbitrary action are therefore different ones, judged by different standards, and, although it is for the courts to say whether there has been an arbitrary or unwarranted agency action, considerable judicial restraint should be observed in finding such an abuse. *See Russellville Water Co. v. Public Service Commission,* 270 Ark. 584, 606 S.W.2d 552 (1980).

Nothing is involved in this case but a question of credibility. Dr. Lipke said that appellant reached maximum medical improvement and released him for work subject only to his recovery from seizure disorders that were not related to his compensable injury. Later, at the request of appellant's attorney, Dr. Lipke removed appellant from work status pending addi-

---

1. In order for an administrative action to be invalid as arbitrary, the action must either lack any rational basis, or hinge on a finding of fact based on erroneous view of the law. *Pine Bluff for Safe Disposal v. Arkansas Pollution Control and Ecology Commission,* 354 Ark. 563, 127 S.W.3d 509 (2003); *Arkansas Professional Bail Bondsman Licensing Board*

*v. Oudin,* 348 Ark. 48, 69 S.W.3d 855 (2002). An arbitrary act is thus an illegal or unreasoned act; an act is not arbitrary simply because the reviewing court would have acted differently. *Woodyard v. Arkansas Diversified Insurance Co.,* 268 Ark. 94, 594 S.W.2d 13 (1980).

tional testing without specifying the reason for appellant's inability to work. The Commission, as finder of fact, was required to consider these two somewhat inconsistent acts and determine whether appellant was unable to work because of his compensable injury. There is nothing before us to show that the Commission's determination of this issue was a willful and unreasoned one, made without consideration of the facts and circumstances of the case.