RAYMOND R. ABRAMSON, Judge
Carol Scoles sustained compensable left-shoulder and ankle injuries on March 31, 2015, when, after her shirt got caught in the coil-winding machine on which she was working at Central Moloney, Inc., she was pulled into the machine. Central Moloney now appeals the opinion and order of the Arkansas Workers' Compensation Commission (Commission) that affirmed and adopted the November 16, 2017 opinion of the administrative law judge (ALJ). On appeal, Central Moloney argues that the Commission's findings are not supported by substantial evidence and should be reversed. We affirm.
After sustaining admittedly compensable injuries on March 31, Scoles was treated on April 1, 2015, by Dr. J. Alan Pollard, an orthopedic surgeon at Jefferson Regional Medical Center in Pine Bluff. Dr. Pollard performed surgery for Scoles's left-clavicle fracture and noted on April 20, 2015, that "the pt [patient] is unable to resume her regular-duty work at this time. There is no light-duty work available. The pt will remain off work at this time." Dr. Pollard also instructed Scoles to quit smoking, and although she cut back significantly, she never was able to completely quit smoking.
Subsequent testing indicated nonunion of the fracture. Dr. Pollard recommended bone-graft surgery, but it was not authorized by Central Moloney or its insurance carrier. Instead, Central Moloney arranged for an evaluation by Dr. Kirk Reynolds, an orthopedic surgeon in Little Rock, who agreed with Dr. Pollard's recommendation for bone-graft surgery but stated that he would not perform such a surgery unless and until Scoles had quit smoking entirely. Dr. Reynolds advised Scoles that it was 100 percent necessary that she cease nicotine use before this surgery.
On August 18, 2017, Dr. Pollard performed the surgery on Scoles. On appeal, Central Moloney contends the surgery was not reasonably necessary and related to the admitted compensable injuries of March 31, 2015, and that the corresponding temporary total-disability benefits should not have been awarded by either the ALJ or the Commission.
In appeals involving claims for workers' compensation, we view the evidence in the light most favorable to the Commission's decision and affirm the decision if it is supported by substantial evidence. Prock v. Bull Shoals Boat Landing , 2014 Ark. 93, 431 S.W.3d 858. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. Id. The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission. Id. Additionally, the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. Id.
*137 Thus, we are prohibited from determining the credibility and weight to be accorded to each witness's testimony, and we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible. Wilson v. Smurfit Stone Container , 2009 Ark. App. 800, 373 S.W.3d 347. When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. Id. Finally, this court will reverse the Commission's decision only if it is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. Prock , supra .
On appeal, Central Moloney argues that the Commission's finding that the surgery performed by Dr. Pollard was reasonable and necessary and that the Commission's finding that Scoles remained in her healing period and was entitled to temporary total-disability benefits are not supported by substantial evidence of record. We disagree on both points and hold that the Commission's opinion in its entirety is supported by substantial evidence. What constitutes reasonably necessary medical treatment is a question of fact for the Commission. Wright Contracting Co. v. Randall , 12 Ark. App 358, 676 S.W.2d 750 (1984). It is within the Commission's province to weigh all the medical evidence and to determine what is most credible. Minn. Mining & Mfg. v. Baker , 337 Ark. 94, 989 S.W.2d 151 (1999). The Commission has the authority to accept or reject a medical opinion and the authority to determine its probative value. Poulan Weed Eater v. Marshall , 79 Ark. App. 129, 84 S.W.3d 878 (2002).
The authority of the Commission to resolve conflicting evidence also extends to medical testimony. Swift-Eckrich, Inc. v. Brock , 63 Ark. App. 118, 975 S.W.2d 857 (1998). The Commission is entitled to review the basis for a doctor's opinion in deciding the weight and credibility of the opinion and medical evidence. Id. In this case, the Commission did just that: "In the present matter, the Full Commission finds that Dr. Pollard's recommendation for additional surgery was entitled to more evidentiary weight than Dr. Reynold[s]'s recommendation for delay of same."
When medical opinions conflict, the Commission may resolve the conflict in light of the record as a whole, and in that light, reach the result that accords with reason, justice, and common sense. Barksdale Lumber Co. v. McAnally , 262 Ark. 379, 557 S.W.2d 868 (1977). That is exactly what the Commission did in this case.
Temporary total disability is that period within the healing period in which the employee suffers a total incapacity to earn wages. Johnson v. Abilities Unlimited, Inc. , 2009 Ark. App. 866, 372 S.W.3d 838. The Commission determines, as a matter of fact, when the healing period has ended. Its decision will be affirmed on appeal if supported by substantial evidence. Nat'l Transit Staffing, Inc. v. Norris , 2018 Ark. App. 229, 547 S.W.3d 730. The "healing period" is defined as the period necessary for the healing of an injury resulting from an accident. Ark. Code Ann. § 11-9-102(12) (Repl. 2012). The healing period continues until the employee is as far restored as the permanent character of the employee's injury will permit. Myers v. City of Rockport , 2015 Ark. App. 710, 479 S.W.3d 33.
In the instant case, the temporary total-disability award corresponds to the opinions of both doctors that Scoles has not reached maximum medical recovery. Central Moloney admits that it does not have any "light duty" work available for *138 Scoles. In its opinion, the Commission found that "based on the evidence and the opinions of Dr. Pollard and Dr. Reynolds ... that the claimant remained within a healing period and was totally incapacitated from earning wages beginning August 16, 2016 [the date the respondents stopped paying temporary total-disability benefits] until a date yet to be determined." As noted above, a substantial basis exists if fair-minded persons could reach the same conclusion when considering the same facts. Crudup v. Regal Ware, Inc. , 341 Ark. 804, 20 S.W.3d 900 (2000). Here, fair-minded persons could most certainly reach the same conclusion; therefore, we must affirm.
Affirmed.
Virden and Hixson, JJ., agree.