RAYMOND R. ABRAMSON, Judge
This is an appeal from the Workers' Compensation Commission's (the Commission's) decision awarding benefits to Don Coffman. On appeal, Lonoke Exceptional School, Inc. (Lonoke School), argues that the Commission (1) arbitrarily disregarded medical evidence and (2) erred in finding that Coffman established that he sustained a compensable injury supported by objective findings. We affirm.
Coffman works as a bus driver for Lonoke School. On April 6, 2017, Coffman fell in a gravel parking lot and injured his left shoulder. Lonoke School initially accepted the claim as compensable and began paying benefits; however, after Coffman sought expenses for surgery, Lonoke School denied liability. The case proceeded to a hearing before an administrative law judge (ALJ).
At the hearing, Coffman testified that after he fell on April 6, he immediately reported the injury and that Lonoke School sent him to North Cabot Family Medicine. He was referred to Dr. Stewart, an orthopedic surgeon, and he had an MRI. The MRI showed a tear in his left shoulder; consequently, he had surgery, specifically a reverse shoulder arthroplasty. Coffman testified that he did not have any problems with his left shoulder before the accident. He noted that he had just passed a physical examination for the Department of Transportation on March 27, 2017. He admitted that he had injured his right shoulder in 2012 and that he had a procedure on October 30, 2012, for that injury. Coffman stated that he wanted to return to work as soon as his doctor released him.
The records from North Cabot Family Medicine on the day of the accident show that Coffman reported left-shoulder pain and left-knee pain and had abrasions on both hands. The physician's diagnosis included "sprain of left shoulder joint." Dr. Stewart's records from Coffman's examination on April 19, 2017, reflect that Coffman "is here with a new problem with the left shoulder. Two weeks ago he had a fall at work and injured his shoulder.... He says before this he did not have a shoulder problem." In Dr. Stewart's report following Coffman's MRI, he opined that the findings "do not correlate with an injury that occurred on April 6, 2017. These are very old, chronic problems, and to fix this a reverse shoulder arthroplasty is needed, just like the opposite side needed 5 years ago."
The ALJ denied Coffman benefits. Coffman appealed, and the Commission reversed, finding that Coffman sustained a compensable injury to his left shoulder. The Commission rejected Dr. Stewart's medical opinion. The Commission stated:
The Full Commission recognizes Dr. Stewart's opinion regarding these demonstrated post-injury abnormalities.... The Full Commission in the present matter rejects Dr. Stewart's opinion that the claimant's objective medical findings "do not correlate with the injury that occurred on April 6, 2017." To the contrary, none of the tears in the tendon of the claimant's left shoulder were shown *381 to be present before the stipulated April 6, 2017 accidental injury.
The Commission further found that the injury was supported by objective findings, namely the abnormalities in the MRI. Lonoke School appealed the Commission's decision to this court.
On appeal, Lonoke School first argues that the Commission arbitrarily rejected Dr. Stewart's medical opinion. It points out that Coffman did not introduce any medical evidence to contest Dr. Stewart's opinion and asserts that the Commission substituted its opinion in lieu of Dr. Stewart's opinion.
The Commission has the authority to accept or reject medical opinions and its resolution of the medical evidence has the force and effect of a jury verdict. Coleman v. Pro Transp., Inc. , 97 Ark. App. 338, 249 S.W.3d 149 (2007). The Commission, however, may not arbitrarily disregard medical evidence. Pyle v. Woodfield, Inc. , 2009 Ark. App. 251, 306 S.W.3d 455. In order for an administrative action to be invalid as arbitrary, the action must either lack any rational basis or hinge on a finding of fact based on an erroneous view of the law. Pine Bluff for Safe Disposal v. Ark. Pollution Control & Ecology Comm'n , 354 Ark. 563, 127 S.W.3d 509 (2003) ; Ark. Prof'l Bail Bondsman Licensing Bd. v. Oudin , 348 Ark. 48, 69 S.W.3d 855 (2002). An arbitrary act is thus an illegal or unreasoned act; an act is not arbitrary simply because the reviewing court would have acted differently. Woodyard v. Ark.Diversified Ins. Co. , 268 Ark. 94, 594 S.W.2d 13 (1980). In workers'-compensation cases, arbitrary disregard of evidence is demonstrated when the Commission affirmatively states that there is "no evidence" for a proposition when such evidence has, in fact, been presented in the proceeding. See Edens v. Superior Marble & Glass , 346 Ark. 487, 58 S.W.3d 369 (2001). Arbitrary disregard has been described as follows:
The Commission cannot disbelieve the testimony of a witness for an irrational or whimsical reason; for example, it cannot decide a case on the rationale that witnesses with names beginning in vowels are never credible, or that foreign-born doctors always offer more accurate medical opinions, or that back injuries are never work-related.
Pyle , 2009 Ark. App. 251, at 6, 306 S.W.3d at 459 (Pittman, J., concurring).
In this case, the Commission did not reject Dr. Stewart's medical opinion without a rational basis or based on an erroneous view of the law. The Commission specifically considered his opinion but noted that there was no evidence of Coffman's left-shoulder injury before the April accident. The dissent asserts that the Commission's rejection of Dr. Stewart's opinion is arbitrary because Dr. Stewart's opinion is the only medical opinion in the record regarding causation. However, medical-opinion testimony is not essential to establish the causal relationship between the injury and a work-related accident, and nonmedical evidence may suffice to establish the causal relationship between an injury and the work-related accident . See Kiswire Pine Bluff, Inc. v. Segars , 2018 Ark. App. 296, 549 S.W.3d 410 ; Flynn v. Sw. Catering, Co. , 2010 Ark. App. 766, 379 S.W.3d 670. Accordingly, we hold that the Commission did not arbitrarily disregard Dr. Stewart's medical opinion.
Lonoke School next argues that the Commission erred in finding that Coffman established that he sustained a compensable injury supported by objective findings. It points out that Dr. Stewart concluded that the MRI showed Coffman's left-shoulder abnormalities were degenerative and not a result of the accident.
*382 In an appeal involving claims for workers' compensation, this court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. Long v. Wal-Mart Stores, Inc. , 98 Ark. App. 70, 250 S.W.3d 263 (2007). The question on appeal is not whether we would have reached the same conclusion as the Commission had we been charged with the duty of finding the facts. Maupin v. Pulaski Cty. Sheriff's Office , 90 Ark. App. 1, 203 S.W.3d 668 (2005). There may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case de novo. Id.
"The prohibition on arbitrary decision-making has sometimes been seen as an opportunity for the appellate court to weigh evidence not relied upon by the Commission against the evidence that the Commission chose to believe. This view is mistaken." Pyle , 2009 Ark. App. 251, at 6, 306 S.W.3d at 459 (Pittman, J., concurring). Under the substantial-evidence standard, this court may not even consider evidence that the Commission did not rely upon, much less weigh it against evidence that the Commission found credible, unless the appellant has demonstrated that the Commission ignored that evidence for a reason that was truly arbitrary. Id. (Pittman, J., concurring) (citing Woodall v. Hunnicutt Constr. , 340 Ark. 377, 12 S.W.3d 630 (2000) ; Maupin , 90 Ark. App. 1, 203 S.W.3d 668 ; K II Constr. Co. v. Crabtree , 78 Ark. App. 222, 79 S.W.3d 414 (2002) ; Hardin v. S. Compress Co. , 34 Ark. App. 208, 810 S.W.2d 501 (1991) ).
Here, because the Commission did not arbitrarily reject Dr. Stewart's medical opinion, this court cannot consider his opinion in determining whether substantial evidence supports the Commission's decision that Coffman sustained a compensable injury. Instead, this court must examine the evidence in the light most favorable to the Commission's decision. The Commission found Coffman to be a credible witness and that his testimony was corroborated by the medical records. Coffman's postaccident medical evidence showed a left-shoulder sprain, and the subsequent MRI showed a tear in his left shoulder. Accordingly, substantial evidence supports the Commission's decision that Coffman established a compensable injury supported by objective findings. While the dissent seeks to weigh Dr. Stewart's opinion against Coffman's testimony and his postaccident medical records, that is inconsistent with the substantial-evidence standard.
Affirmed.
Gladwin, Klappenbach, Whiteaker, Vaught, and Murphy, JJ., agree.
Virden, Hixson, and Brown, JJ., dissent.