SLIP OPINION

Cite as 2014 Ark. App. 575

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–14–530

| | | |
|---|---|---|
| DeLOVE REDD | | **OPINION DELIVERED** OCTOBER 29, 2014 |
| | APPELLANT | |
| | | |
| V. | | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G107361] |
| | | |
| BLYTHEVILLE SCHOOL DISTRICT #5 | | |
| | APPELLEE | AFFIRMED |

### ROBERT J. GLADWIN, Chief Judge

This is an appeal from the Arkansas Workers' Compensation Commission's February 13, 2014 opinion denying appellant DeLove Redd additional temporary-total-disability (TTD) benefits and permanent-disability benefits in excess of the seven-percent whole-body impairment already being paid to him. Redd appeals the Commission's finding regarding his entitlement to permanent-disability benefits in excess of seven percent. We affirm.

*Statement of Facts*

Redd is sixty-two years old and has an eleventh-grade education. He began working for appellee Blytheville School District in 1982 as a custodian. During his almost thirty years of employment with the school district, Redd sustained several injuries, including a right-shoulder injury, a left-knee injury, and a back injury, all of which were accepted by the school district. Redd's most recent injury was sustained on August 16, 2011, as the result of

a specific incident while helping a co-worker, Broderick Harris, lift a fifty-five-gallon drum into a large dumpster.

Redd was initially examined by Dr. James Russell, but he was subsequently referred to Dr. John Campbell, a neurosurgeon in Jonesboro, Arkansas. Following an MRI, Redd was diagnosed as having sustained a small central L4-L5 disc herniation, which was treated conservatively, without surgery.

Redd was released to return to work on February 22, 2012, with a twenty-pound lifting restriction, no bending and twisting at the same time, and no prolonged standing or sitting for more than two hours. On January 11, 2013, Dr. Campbell opined that Redd's only permanent restriction was not to lift over twenty pounds.

The school district made work available to Redd within the restrictions imposed by the doctors. He testified that when he returned to work, he missed many days because his back would begin bothering him. Redd retired at age sixty-two and began drawing both social-security retirement and retirement from the school district. He said that he takes Aleve "every now and then" for his back pain. Redd testified that the school district provided him with restricted-duty work at the same salary until he elected to take retirement in July 2012. Redd told the Commission, "If I worked for three days, they paid me for three days. They didn't lay me off. I was the one who elected to retire because I knew I couldn't do the work."

James Williams testified that he worked as a plumber for the school district and that, after Redd was injured and returned to work, Redd was not able to do the types of work

he had previously been doing. Williams said that the district placed Redd with him as Williams's helper, and that his work did not require heavy lifting. He opined that the school district was trying to protect Redd from heavy lifting by placing him with Williams.

Donald Jenkins, the maintenance supervisor for the school district, testified that once Redd was released with restrictions, work was made available within the restrictions imposed. Jenkins further stated that if Redd had not retired, work within Redd's physical restrictions would have continued to be provided.

Richard Atwill, the superintendent of the Blytheville School District, testified by telephonic deposition that Redd was provided assistance at all times following his return to work and that the school district always made work available within Redd's restrictions until his retirement on or about July 11, 2012. Atwill further stated that Redd was not considered an "at will" employee due to the school contract and public policy, maintaining that if Redd had not retired, he could have continued to work and receive the same hours and pay that he had received prior to the injury.

The administrative law judge (ALJ) found in pertinent part that Redd failed to prove by a preponderance of the evidence that he was entitled to additional TTD; that he failed to prove that he was entitled to permanent-partial-disability benefits in excess of the seven-percent whole-body impairment; and that the school district made suitable employment available to him within his physical restrictions. Redd appealed this decision to the Commission, which affirmed and adopted the ALJ's decision. This appeal timely followed.

3

*Statement of Law*

We review decisions of the Commission by considering whether there is substantial evidence to support its decision. *Wheeler Constr. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001). Substantial evidence is that relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. Questions concerning the credibility of witnesses and the weight to be given their testimony are within the exclusive province of the Commission. *Sivixay v. Danaher Tool Grp.*, 2009 Ark. App. 786, 359 S.W.3d 433. Further, we review the evidence and all reasonable inferences in the light most favorable to the Commission's findings and affirm if its findings are supported by substantial evidence. *Id*.

The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Wal-Mart Stores, Inc. v. Connell*, 340 Ark. 475, 10 S.W.3d 882 (2000). When a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating based upon wage-loss factors. *Lee v. Alcoa Extrusion, Inc.*, 89 Ark. App. 228, 201 S.W.3d 449 (2005). The Commission is charged with the duty of determining disability based upon a consideration of medical evidence and other factors affecting wage loss, such as the claimant's age, education, and work experience. *Logan Cnty. v. McDonald*, 90 Ark. App. 409, 206 S.W.3d 258 (2005). Motivation, post-injury income, credibility, demeanor, and a multitude of other factors are matters to be considered in claims for wage-loss-disability benefits in excess of permanent-physical impairment. *Henson v. Gen. Elec.*, 99 Ark. App. 129, 257 S.W.3d 908 (2007).

SLIP OPINION

SLIP OPINION

An employee who is extended a bona fide and reasonably-obtainable offer to be employed at wages equal to or greater than his average-weekly wage at the time of the accident is not entitled to permanent-partial-disability benefits in excess of the percentage of permanent-physical impairment. Ark. Code Ann. § 11-9-522(b)(2) (Repl. 2012). The employer has the burden of proving a bona fide offer of employment. Ark. Code Ann. § 11-9-522(c)(1) (Repl. 2012). The primary question before the Commission was whether continued employment offered to Redd was a bona fide offer of employment that disqualified him from receiving wage-loss benefits.

*Discussion*

Redd contends that the Commission erred by finding that suitable employment was made available to him within his physical restrictions until such time as he took voluntary retirement. It is the employer's burden to prove that an employee was given a bona fide offer to be employed, at wages equal to or greater than his average-weekly wage at the time of the accident. Ark. Code Ann. § 11-9-522(c)(1). Redd contends that his testimony was that he missed many days after returning to work, due to his injury. He contends that his testimony—if he worked for three days they paid for three days—did not prove that his employer had given him a bona fide offer because his earning power was not equal to or greater than the amount he was earning before the injury. He claims that Williams's testimony corroborates that he missed a lot of work and could not perform the work.

Redd argues that the employee must be capable of performing the required job activities for the offer to be bona fide, barring wage-loss disability in excess of his anatomic

rating to the body as a whole. In support, he cites *Wal-Mart Associates, Inc. v. Keys*, 2012 Ark. App. 559, 423 S.W.3d 683, where this court upheld the Commission's determination that a bona fide offer of employment had not been made to the claimant because the job was beyond her physical limitations, according to the description of the job and the claimant's experience working in the precise position that she was being offered. He argues that, here, as in *Keys*, *supra*, the school district's offer was not bona fide because the job offer was beyond his physical limitations and in fact resulted in lower pay.

The instant case is distinguishable from *Keys*, *supra*. There, even though the employer offered Keys a job as a door greeter to comply with her restrictions of no lifting over twenty pounds, no bending or stooping, and no prolonged standing or sitting, when Keys returned to work, her assigned duties were outside the bounds of those restrictions. Here, Redd was given a bona fide offer and, by his own testimony, was accommodated when he returned to work. He testified that he had the same hours and pay. His coworkers testified that his job duties were within his accommodations and that the school district was trying to protect him. Substantial evidence supports the Commission's finding that Redd was not entitled to wage-loss disability because he had a bona fide offer to be employed at wages equal to his average weekly wage at the time of the accident. Ark. Code Ann. § 11-9-522(b)(2).

Affirmed.

PITTMAN and WYNNE, JJ., agree.

*Bill E. Bracey, Jr.*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellee.