


# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-719

| | |
|---|---|
| PAUL L. GILLHAM<br>APPELLANT | **Opinion Delivered** February 4, 2015 |
| V. | APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. G205963] |
| SOUTH CENTRAL COAL COMPANY,<br>INC., and CRAWFORD & COMPANY<br>APPELLEES | AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Paul Gillham appeals from a July 11, 2014 opinion by the Arkansas Workers' Compensation Commission ("Commission"), affirming and adopting the findings of fact and conclusions of law made by the Administrative Law Judge ("ALJ") in favor of appellees South Central Coal Co., Inc., and Crawford & Company (collectively "South Central Coal"). On appeal, Gillham contends that (1) the Commission erred in denying him wage-loss benefits when it failed to consider his age, education, work experience, or other matters reasonably expected to affect his future earning capacity and (2) that the Commission's findings were not based on substantial evidence. We affirm.

It is undisputed that Gillham sustained a compensable injury to his right shoulder on March 20, 2012, and appellees accepted liability for permanent-partial disability in the amount of five percent to the body as a whole. After a prehearing order filed on January 27, 2014, and a hearing on February 18, 2014, the ALJ filed an opinion on May 15, 2014. The

SLIP OPINION

prehearing order explained that the parties agreed that the only issues to be resolved were whether the claimant was entitled to wage-loss benefits and attorney's fees.

Gillham was forty-seven years old at the time of his hearing and testified that he dropped out of school after the tenth grade. Over his life, he made a living by operating heavy equipment, driving a truck, and operating a bolting machine for the coal mine. He testified that at the time of his injury, he was a "bolter" in the coal mine that required him to use a machine to secure the ceiling before others could enter the mine. Over time, he testified that he "wore" out his right shoulder and had several surgeries to repair the damage. Initially, Gillham explained that he returned to work on light duty with his treating physician's approval, being able to use only one arm, and South Central Coal created a position for him working in the warehouse. However, he testified that he was laid off after two days.

At the time of the hearing, Gillham testified that he was still having pain in his shoulder but was not prescribed any pain medication. Instead, he took only Tylenol. He testified that Dr. John Harp had subsequently released him to work without any restrictions, and this was also supported by the medical evidence. Prior to his injury, Gillham was earning $18.50 per hour and usually worked 60–70 hours per week in the coal mine. After he was laid off from South Central Coal, he explained that he had applied for unemployment and had checked the box that he did not have any physical disabilities that would restrict him from working. Furthermore, he repeatedly explained at the hearing that he wanted to return to work and that he was able to operate the same bolting machine as he operated prior to his injury, but

SLIP OPINION

that he would simply need to operate the machine from the other side. While he does have

a felony conviction on his record, he felt that this would not affect his ability to find a job.

After the hearing, the ALJ made the following pertinent findings in its May 15, 2014

opinion:

<u>DISCUSSION</u>
The claimant sustained an admittedly compensable injury to his right shoulder. This injury is not scheduled under the Workers' Compensation Act, A.C.A. § 11-9-521. Therefore, the claimant's entitlement to permanent disability benefits is controlled by A.C.A. § 11-9-522(B)(1) which provides:

> "In considering claims for permanent partial disability benefits in excess of the employee's percentage of permanent physical impairment, the Workers' Compensation Commission may take into account, in addition to the percentage of permanent physical impairment, such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his or her future earning capacity."

. . . .

Here, the claimant is a forty-seven-year-old male with a tenth grade education. He testified that he had spent most of his work life employed as a laborer, a truck driver, or coal miner. The claimant stated that he continued to have shoulder issues. However, he also stated that he wanted to return to work and added that he could operate the same machine he operated prior to his injury. This testimony contradicts the claimant's contention that [he] could not find work making $18.50 per hour. The medical records are clear. The claimant was returned to light duty and then to full duty without restrictions after numerous surgeries. Based on the claimant's testimony related about his ability to run the "bolting" machine with his left arm, his work history, the claimant's age and his ability to run other types of heavy equipment his pool of available jobs has not been reduced due to his compensable injury and its effects. While this claimant does have a limited education and limited reading skills, nothing in the evidence presented supports a contention that he could not return to work in the same position, running a bolting machine. Additionally, he would make the same wage he made prior to suffering his compensable right shoulder injury. The claimant, by his own testimony, would simply need to work the bolting machine from the other side using his left arm and shoulder.

After considering all of the evidence including age, education, and work



experience, I find that the claimant's employment opportunities have not been substantially reduced by his compensable injury. The claimant has not proven by preponderance of the evidence that his pool of jobs has been reduced due to his admittedly compensable right shoulder injury. I do not find that the claimant is entitled to wage loss above the amount of the 5% impairment rating assessed.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The claimant has not proven that he suffered a loss in wage earning capacity as a result of his admittedly compensable injury that occurred on March 20, 2012.
2. The claimant's attorney is not entitled to a fee based on the above findings.

### ORDER

Based upon the foregoing findings and conclusions, I have no alternative but to deny and dismiss this claim in the entirety.

Subsequently, Gillham appealed the ALJ's decision to the Commission. The Commission filed an opinion on July 11, 2014, affirming and adopting the ALJ's opinion as its own. This appeal followed.

In appeals involving claims for workers' compensation, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission. *Id.* Additionally, questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id.* When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. *Id.* Finally,

SLIP OPINION

the court will reverse the Commission's decision only if it is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Id.*

Pursuant to Arkansas Code Annotated § 11-9-522(b)(1) (Repl. 2012), when a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating based upon wage-loss factors. *Redd v. Blytheville Sch. Dist. No. 5*, 2014 Ark. App. 575, 446 S.W.3d 643. The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Lee v. Alcoa Extrusion, Inc.*, 89 Ark. App. 228, 201 S.W.3d 449 (2005). The Commission is charged with the duty of determining disability based upon a consideration of medical evidence and other factors affecting wage loss, such as the claimant's age, education, and work experience. *Redd*, *supra*. Motivation, post-injury income, credibility, demeanor, and a multitude of other factors are matters to be considered in claims for wage-loss-disability benefits in excess of permanent-physical impairment. *Id.*

Gillham first contends that the Commission erred in denying him wage-loss benefits when it failed to consider his age, education, work experience, or other matters reasonably expected to affect his future earning capacity. We disagree. The Commission affirmed and adopted the ALJ's opinion as its own. The opinion specifically outlined the evidence presented at the hearing concerning the factors alleged. The opinion notes that Gillham was forty-seven years old. Furthermore, the opinion specifically stated that "[w]hile this claimant does have a limited education and limited reading skills, nothing in the evidence presented

supports a contention that he could not return to work in the same position, running a bolting machine. . . . After considering all of the evidence including age, education, and work experience, I find that the claimant's employment opportunities have not been substantially reduced by his compensable injury." Therefore, we affirm on this point on appeal.

Gillham next contends that the Commission's findings were not based on substantial evidence. However, Gillham repeatedly testified that he wanted to return to work and that he was able to operate the same machine that he operated prior to his injury. He further testified that he would be able to make the same wage as before his injury but would simply need to work the bolting machine from the other side. Additionally, the medical evidence reflects that Dr. Harp had returned Gillham to light duty and then to full duty without any restrictions. Therefore, substantial evidence supports the Commission's findings, and we affirm.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*McKinnon Law Firm*, by: *Kristopher A. Ramsfield*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellees.