Although he reported and/or demonstrated numerous functional limitations during his evaluation, he also exhibited numerous inconsistencies which invalidated his entire evaluation. Therefore, his current functional status remains unknown at this time due to his failure to produce sufficient objective data to substantiate his reported and/or demonstrated limitations.
Although Dr. Mangels subsequently assigned the claimant permanent restrictions, he indicated in his May 15, 2017 report:
Basically the functional capacity evaluation is unreliable and we can't really use it. I can't use it to give him permanent restrictions.
Thus, while Dr. Mangels assigned claimant permanent restrictions, his true functional status remains unknown due to the inconsistencies present during the functional capacities evaluation. This is a factor to be considered in determining the extent of wage loss. City of Fayetteville v. Guess , 10 Ark. App. 313, 663 S.W.2d 946 (1984).
After consideration of all relevant wage loss factors in this case, I find that claimant has suffered a loss in wage earning capacity in an amount equal to 65% to the body as a whole. Based on the evidence presented, claimant has obviously suffered a significant loss in wage earning capacity. He has few transferrable skills and based on testing his academic skills range from the grade equivalent of 3.5 to 7.0. On the other hand, claimant's inconsistent effort on the functional capacities evaluation invalidated his evaluation. Respondent has controverted claimant's entitlement to permanent partial disability benefits in an amount equal to 65% to the body as a whole.
Appellants timely appealed the ALJ's opinion to the Commission. The Commission affirmed and adopted the ALJ's decision in an opinion dated February 13, 2018. Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion.[1] In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission.[2] Therefore, for purposes of *143 our review, we consider both the ALJ's opinion and the Commission's majority opinion.[3]
It is the Commission's duty to make determinations of credibility, to weigh the evidence, and to resolve conflicts in medical testimony and evidence.[4] We review the Commission's decision in the light most favorable to its findings and affirm when the decision is supported by substantial evidence.[5] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.[6] The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission: if so, the appellate court must affirm.[7]
As their first point on appeal, appellants contend that the finding that appellee is entitled to a 30 percent (30%) impairment rating is not supported by substantial evidence. Appellants maintain that appellee was entitled to only the 28 percent (28%) rating given by Dr. Randolph, whom appellants claim clearly documented his calculations. Dr. Mangels was appellee's treating physician and he performed the last surgery on appellee, which alone can be the basis for affirming the impairment rating.[8] The Commission was confronted with two different medical opinions as to appellee's impairment rating. It is within the Commission's province to reconcile conflicting evidence, including the medical evidence.[9] The Commission has the duty of weighing medical evidence, and the resolution of conflicting evidence is a question of fact for the Commission.[10] It is well settled that the Commission has the authority to accept or reject medical opinion and the authority to determine its medical soundness and probative force.[11] This is a classic "dueling-doctors" case in which this court is bound by the Commission's findings. Thus, we cannot say that there is not substantial evidence to support the Commission's decision. Therefore, we affirm.
Appellants also contend that the Commission's finding of 65 percent (65%) wage-loss disability is not supported by substantial evidence. Pursuant to Arkansas Code Annotated section 11-9-522(b)(1),[12] when a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating based on wage-loss factors.[13] The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood.[14] The Commission is charged with the duty of determining disability based on a consideration of medical evidence and other factors affecting wage loss, such as the claimant's age, education, and work experience.
*144 [15] Motivation, postinjury income, credibility, demeanor, and a multitude of other factors are matters to be considered in claims for wage-loss-disability benefits in excess of permanent-physical impairment.[16]
Here, the Commission considered appellee's age, his limited education,[17] and his lack of transferable skills based on his work history over the past twenty years; it considered appellee's motivation; it also considered appellee's unreliable functional-capacity evaluation, as well as other factors. It subsequently concluded that appellee was entitled to 65 percent (65%) wage-loss disability. As part of its argument, appellants argue that the Commission considered a non-work-related injury in its calculations as well as a 4 percent (4%) impairment rating to appellee's shoulder that already existed. However, there is no evidence that the Commission considered anything other than what it was asked to consider. The Commission's findings are based on the appropriate wage-loss factors, and its opinion adequately discusses the rationale that underlies that finding. In sum, appellants are requesting that we reweigh the evidence and credibility findings made by the Commission; however, as we stated above, it is the Commission's duty to make credibility determinations and to weigh the evidence. We hold that reasonable minds could reach the result found by the Commission. Accordingly, we affirm.
Affirmed.
Gruber, C.J., and Gladwin, J., agree.

SSI, Inc. v. Cates , 2009 Ark. App. 763, 350 S.W.3d 421.

Id.

Id.

Martin Charcoal, Inc. v. Britt , 102 Ark. App. 252, 284 S.W.3d 91 (2008).

Parker v. Atl. Research Corp. , 87 Ark. App. 145, 189 S.W.3d 449 (2004).

Id.

Prock v. Bull Shoals Boat Landing , 2014 Ark. 93, 431 S.W.3d 858.

Guy v. Breeko , 310 Ark. 187, 832 S.W.2d 816 (1992) (per curiam).

Boykin v. Crockett Adjustment Ins. , 2013 Ark. App. 157.

See Ark. Human Dev. Ctr. v. Courtney , 99 Ark. App. 87, 257 S.W.3d 554 (2007).

Id.

(Repl. 2012).

Redd v. Blytheville Sch. Dist. No. 5 , 2014 Ark. App. 575, 446 S.W.3d 643.

Lee v. Alcoa Extrusion, Inc. , 89 Ark. App. 228, 201 S.W.3d 449 (2005).

Redd, supra .

Id.

Although he had a twelfth-grade education, his academic skills were between a 3.5 to 7.0 grade equivalent.