Cite as 2020 Ark. App. 70

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-530

TEMPWORKS MANAGEMENT SERVICES, INC., AND AMTRUST NORTH AMERICA
APPELLANTS

V.

GARY JAYNES
APPELLEE

**Opinion Delivered:** February 5, 2020

APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION

[NO. G703512]

AFFIRMED

## RAYMOND R. ABRAMSON, Judge

Appellants, Tempworks Management Services, Inc., and Amtrust North America, appeal the Arkansas Workers' Compensation Commission's (Commission's) decision to award appellee, Gary Jaynes, an 11 percent impairment rating to his body as a whole and 10 percent in wage-loss disability. Appellants argue that substantial evidence does not support the Commission's decision. For the following reasons, we affirm.

At the time of the hearing, Jaynes was fifty-five years old. He graduated from high school in 1981, and two years later became an electrician. He has worked as a master electrician since 1997. On March 8, 2017, he was injured while working in a muddy ditch on the Weyerhauser property in Dierks, Arkansas. Appellants accepted Jaynes's back and leg injuries as compensable, and he was seen by several different doctors. Their testimony as to the severity of Jaynes's injuries varied.

On October 31, 2018, the administrative law judge (ALJ) determined that Jaynes had failed to prove entitlement to permanent anatomical impairment, wage-loss disability, or permanent total-disability benefits. The decision was appealed to the Commission, which reversed the ALJ and awarded Jaynes an 11 percent impairment rating to his body as a whole and 10 percent in wage-loss disability. The Commission's opinion is the subject of this appeal.

The sole issue on appeal is whether substantial evidence supports the Commission's decision. Specifically, appellants argue that the Commission's findings that Jaynes was entitled to a permanent-impairment rating and wage-loss disability benefits are not supported by substantial evidence.

This court views the evidence and all reasonable inferences in the light most favorable to the Commission's findings and affirms if supported by substantial evidence. *Pyle v. Woodfield, Inc.*, 2009 Ark. App. 251, 306 S.W.3d 455. Substantial evidence is that which a reasonable mind might find as adequate to support a conclusion. *Id.* We defer to the Commission on issues involving credibility and the weight of evidence. *Target Corp. v. Bumgarner*, 2015 Ark. App. 112, 455 S.W.3d 378. It is the Commission's duty to weigh medical evidence and resolve, as a question of fact, any conflicting evidence; however, the Commission may not arbitrarily disregard medical evidence or the testimony of any witness. *Pyle, supra.*

On review of workers'-compensation cases, the question is not whether the evidence would have supported findings contrary to the ones made by the Commission; rather, it is whether there is substantial evidence to support the Commission's decision even

though we might have reached a different conclusion if we sat as the trier of fact. *Burris v. L & B Moving Storage*, 83 Ark. App. 290, 123 S.W.3d 123 (2003). Credibility questions and the weight to be given to witness testimony are within the Commission's exclusive province. *Pack v. Little Rock Convention Ctr.*, 2013 Ark. 186, 427 S.W.3d 586. It is also within the Commission's province to weigh all the medical evidence and to determine what is most credible. *Minn. Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999). We have long held that the Commission's decision to accept or reject medical opinions and how it resolves conflicting medical evidence has the force and effect of a jury verdict. *St. Edward Mercy Med. Ctr. v. Chrisman*, 2012 Ark. App. 475, 422 S.W.3d 171.

Appellants first contend that the finding that Jaynes was entitled to an 11 percent impairment rating to his body as a whole is not supported by substantial evidence. Any determination of the existence or extent of physical impairment must be supported by objective and measurable findings. Ark. Code Ann. § 11-9-704(c)(1)(B) (Repl. 2012). The Commission has adopted the American Medical Association Guides to the Evaluation of Permanent Impairment (4th ed. 1993) to be used in the assessment of an anatomical impairment. *Avaya v. Bryant*, 82 Ark. App. 273, 105 S.W.3d 811 (2003); *see* Ark. Code Ann. § 11-9-522(g)(1)(A) (Repl. 2012).

Under Arkansas Code Annotated section 11-9-102(4)(F)(ii),

> (a) Permanent benefits shall be awarded only upon a determination that the compensable injury was the major cause of the disability or impairment.

> (b) If any compensable injury combines with a preexisting disease or condition or the natural process of aging to cause or prolong disability or a need for treatment, permanent benefits shall be payable for the resultant condition only if the compensable injury is the major cause of the permanent disability or need for treatment.

3

Again, we have long held that it is within the Commission's province to reconcile conflicting evidence, including medical evidence. *Boykin v. Crockett Adjustment Ins.*, 2013 Ark. App. 157. The Commission has the duty of weighing medical evidence, and the resolution of conflicting evidence is a question of fact for the Commission. *See Ark. Human Dev. Ctr. v. Courtney*, 99 Ark. App. 87, 257 S.W.3d 554 (2007). It is well settled that the Commission has the authority to accept or reject medical opinions and the authority to determine its medical soundness and probative force. *Id.*

A compensable injury must be established by medical evidence supported by objective findings. Ark. Code Ann. § 11-9-102(4)(D). "Objective findings" are those findings that cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16)(A)(i); s*ee also Excelsior Hotel v. Squires*, 83 Ark. App. 26, 115 S.W.3d 823 (2003). When determining physical or anatomical impairment, complaints of pain may not be considered by the physician or any other medical provider, the ALJ, the Workers' Compensation Commission, or the courts. Ark. Code Ann. § 11-9-102(16)(A)(ii). Any determination of the existence or extent of physical impairment shall be supported by objective and measurable physical or mental findings. Ark. Code Ann. § 11-9-704(c)(1)(B). While it is true that the legislature has required medical evidence supported by objective findings to establish a compensable injury, it does not follow that such evidence is required to establish each and every element of compensability. *Stephens Truck Lines v. Millican*, 58 Ark. App. 275, 950 S.W.2d 472 (1997). All that is required is that the medical evidence be supported by objective medical findings. *Singleton v. City of Pine Bluff*, 97 Ark. App. 59, 244 S.W.3d 709 (2006).

4

Such is the case here. The Commission's decision is supported by objective medical findings—most notably those of a neurologist, Dr. Miles Johnson. Other doctors declared that Jaynes had not sustained any permanent anatomical impairment. However, in its opinion, the Commission clearly states that it found Dr. Johnson's conclusions to be supported by the record and that his conclusions were entitled to more evidentiary weight than the opinions of various other doctors. Here, the Commission considered all the evidence and testimony presented and gave that evidence and testimony the weight and credibility it deemed it was entitled. Viewing the evidence in the light most favorable to the Commission's decision, we hold that the Commission's award of an 11 percent whole-body impairment is supported by substantial evidence.

Appellants also contend that the Commission's finding of 10 percent wage-loss disability is not supported by substantial evidence. Pursuant to Arkansas Code Annotated section 11-9-522(b)(1), when a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating on the basis of wage-loss factors. *Redd v. Blytheville Sch. Dist. No. 5*, 2014 Ark. App. 575, 446 S.W.3d 643. The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Lee v. Alcoa Extrusion, Inc.*, 89 Ark. App. 228, 201 S.W.3d 449 (2005).

The Commission must determine disability after a consideration of medical evidence and other factors affecting wage loss, such as the claimant's age, education, and work experience. *Redd, supra.* Motivation, postinjury income, credibility, demeanor, and a

multitude of other factors are matters to be considered in claims for wage-loss disability benefits in excess of permanent-physical impairment. *Id.*

In the instant case, the Commission considered Jaynes's age, his limited education, his lack of transferable skills, and his work history over the past twenty years; it also considered Jaynes's motivation as well as other factors. In its decision, the Commission cited *Redd, supra*, and *Emerson Electric v. Gaston*, 75 Ark. App. 232, 58 S.W.3d 848 (2001), and subsequently concluded that Jaynes was entitled to ten percent wage-loss disability. The Commission's findings are based on the appropriate wage-loss factors, and its opinion adequately discusses the rationale that underlies that finding.

In sum, appellants are requesting that we reweigh the evidence and credibility findings made by the Commission; however, we will not do so as it is the Commission's duty to make credibility determinations and to weigh the evidence. Considering the fact-intensive nature of this inquiry in which the specific facts of this claimant's age, abilities, education, physical and mental limitations, motivation, demeanor, and any other factors deemed relevant are to be considered, we hold that reasonable minds could conclude that Jaynes was entitled to 10 percent wage-loss disability. Thus, we affirm on this point.

Because the Commission's decision is supported by substantial evidence, we affirm.

Affirmed.

MURPHY, J., agrees.

GRUBER, C.J., concurs.

*Frye Law Firm, P.A.*, by: *William C. Frye*, for appellants.

*Gary Davis*, for appellee.