Cite as 2025 Ark. App. 222

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-442

| | |
|---|---|
| UNIVERSITY OF ARKANSAS FOR MEDICAL SCIENCES; AND ARKANSAS INSURANCE DEPARTMENT, PUBLIC EMPLOYEE CLAIMS DIVISION | Opinion Delivered April 16, 2025 |
| | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. H109437] |
| APPELLANTS | |
| V. | |
| LISA POZNER | |
| APPELLEE | AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

University of Arkansas for Medical Sciences (UAMS) appeals the Commission's award of 35 percent in wage-loss-disability benefits over Lisa Pozner's 7 percent whole-body permanent-partial-disability rating. UAMS contends that substantial evidence does not support the award of wage-loss benefits because Pozner is highly educated, experienced, and able to perform sedentary work but does not want to work. We affirm.

In September 2021, Pozner, a woman in her early sixties, was working for UAMS as a nurse practitioner when she suffered a compensable acute spinal fracture at L1. In November 2021, she sustained two additional fractures at L2 and T12 during a kyphoplasty procedure. As part of her medical treatment, Pozner wore a back brace to support her lumbar

and thoracic spine, and she was prescribed Flexeril (a muscle relaxer) and Tramadol (a pain reliever). She reached maximum medical improvement in December 2022. Pozner performed reliably in a functional capacity evaluation, which resulted in her receiving a rating of 7 percent permanent impairment to the body as a whole caused by her work injury. The compensability of Pozner's claim was not disputed, and UAMS paid medical and temporary-total-disability benefits as well as Pozner's 7 percent rating.

Pozner claimed that she was permanently and totally disabled (PTD) because of her work injury. At the August 2023 hearing, Pozner intermittently sat and stood while testifying. She asserted that she had constant back pain, her gait was slow and imperfect, she was unsteady and used a cane, she could not lift over ten pounds, she could not bend or crouch without terrible pain, and she could walk, stand, and lie only for short periods of time. The result of Pozner's functional capacity evaluation indicated that Pozner could do full-time sedentary work, and particular jobs were suggested, but Pozner said she simply could not work a sedentary job with her excruciating back pain. Pozner said she continued to look for jobs in the event she would become able to work; and she was motivated to work and wanted to work to help people.

Pozner holds bachelor's degrees in English, psychology, social work, and nursing and master's degrees in counseling psychology and nursing. UAMS emphasized that Pozner is an experienced nurse practitioner, distress counselor, and registered nurse. UAMS noted that Pozner applied for jobs after she was let go from UAMS in February 2022 so that she could get unemployment benefits. She had professed in her unemployment forms that she

2

could work, and she received unemployment benefits until those ran out in June 2022. UAMS criticized Pozner for ceasing to work with vocational rehabilitation, which was helping her find sedentary jobs within her functional limits. Pozner had completed online continuing nursing education and unemployment forms although Pozner said she had to do those in starts and stops, often lying in bed while online. UAMS contended that Pozner was unmotivated and uninterested in rejoining the work force although she could do sedentary work and was highly qualified to work.

Medical records and unemployment records were admitted into evidence. The attorneys presented arguments and post-hearing briefs for the administrative law judge's (ALJ's) consideration.

The ALJ found that Pozner was not entitled to PTD, but she was entitled to 35 percent wage-loss disability in addition to her 7 percent permanent-partial-disability rating. The ALJ took into consideration Pozner's age, education, experience, motivation, and present physical condition. The ALJ found that Pozner could "obtain suitable part-time work with her credentials," but she credibly testified and demonstrated that she could not sit or stand for any reasonable period of time. Pozner was deemed a credible witness when she testified she has a strong desire to continue working but simply could not with her severe back pain. The ALJ agreed that "intense back pain can create great difficulties for finding

suitable employment." UAMS appealed the ALJ's decision to the Commission, which affirmed and adopted the ALJ's decision.[1] This appeal followed.

On appellate review of workers'-compensation cases, we view the evidence and all reasonable inferences from it in the light most favorable to the Commission's findings. *Murphy v. Ark. Dep't of Corr.*, 2024 Ark. App. 483, 700 S.W.3d 741. We will reverse only if we are convinced fair-minded persons using the same facts could not reach the Commission's conclusion. *Id.* The issue is not whether we may have reached a different conclusion or whether the evidence might have supported a contrary finding; we determine if there is substantial evidence in the record to support the Commission's conclusion. *Id.* The appellate court is foreclosed from determining credibility and weight to be accorded testimony. *Reed v. M.A. Mortenson Cos.*, 2024 Ark. App. 253, 687 S.W.3d 882.

The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Ark. Dep't of Corr.*, 2019 Ark. App. 124, 571 S.W.3d 539. When a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating based on wage-loss factors. *Id.* The Commission is charged with the duty of determining disability by evaluating the medical evidence and other factors affecting wage loss, such as the claimant's age, education, work experience, motivation, postinjury income, demeanor, credibility, and any other matters

---

[1]When the Commission adopts the ALJ's opinion, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. *Univ. of Ark. for Med. Scis. v. Barton*, 2022 Ark. App. 181, 644 S.W.3d 818.

4

reasonably expected to affect future earning capacity. *Id.* Considering whether a claimant is entitled to wage-loss benefits is a fact-intensive inquiry. *Id. See also* Ark. Code Ann. § 11-9-522(b) (Repl. 2012).

On appeal, UAMS reiterates the arguments it made to the ALJ. UAMS focuses on Pozner's being a highly educated and qualified employee and her admitted ability to do online activities at home when it suited her. UAMS notes that Pozner did not follow through with the job assistance offered by vocational rehabilitation.[2] UAMS asserts that the only reasonable conclusion to draw is that Pozner does not want to work within her restrictions. UAMS lists previous decisions of our court in which we affirmed the Commission's decision to award those claimants lower percentages of wage loss, and UAMS attempts to compare those specific situations to the facts in the present appeal. In short, UAMS contends that the 35 percent award is not supported by substantial evidence.

As stated, when deciding whether to award wage-loss benefits in excess of a permanent-partial-disability rating, the Commission is to consider a multitude of factors, and it is a fact-intensive inquiry. UAMS is requesting that we reweigh the evidence and credibility findings made by the Commission; however, we will not do so because it is the Commission's

---

[2]In its brief, UAMS cites Arkansas Code Annotated section 11-9-505(b)(3) (Repl. 2012) for the proposition that a claimant who refuses to participate in or cooperate with a rehabilitation program or job-placement assistance is barred from receiving wage-loss benefits. However, UAMS did not raise this issue to the ALJ or Commission. To preserve an issue for appellate review, it is a party's responsibility to present the issue to the Commission and obtain a ruling. *N. Hills Surgery Ctr. v. Otis*, 2021 Ark. App. 468, 638 S.W.3d 323.

duty to make credibility determinations and to weigh the evidence. *See Hot Springs Convention Ctr. v. Phelps*, 2021 Ark. App. 83; *Tempworks Mgmt. Servs., Inc. v. Jaynes*, 2020 Ark. App. 70, 593 S.W.3d 519. While Pozner is undoubtedly highly educated and experienced, the Commission considered her request for wage-loss benefits utilizing the appropriate factors. *See Ark. Highway & Transp. Dep't v. Work*, 2018 Ark. App. 600, 565 S.W.3d 138. Reasonable minds could reach the decision that the Commission made in this case. The Commission's decision is supported by substantial evidence.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Charles H. McLemore Jr.*, for separate appellant Public Employee Claims Division.

*Mark Alan Peoples, PLC*, by: *Mark Alan Peoples*, for appellee.