Cite as 2021 Ark. App. 61

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV–20–114

| | | |
|---|---|---|
| TINA L. MELIUS | | **Opinion Delivered:** February 10, 2021 |
| | APPELLANT | |
| V. | | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| CHAPEL RIDGE NURSING CENTER, LLC, AND AMTRUST NORTH AMERICA INSURANCE | | [NO. G807060] |
| | APPELLEES | REVERSED AND REMANDED |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Tina Melius brought a workers'-compensation claim against appellees Chapel Ridge Nursing Center, LLC, and Amtrust North America Insurance alleging that she sustained a compensable injury to her right buttock and thigh on July 11, 2018. An administrative law judge (ALJ) denied compensability, specifically finding that Melius failed to provide evidence in the form of objective medical findings. Melius appealed the ALJ's decision to the Arkansas Workers' Compensation Commission (Commission), which affirmed and adopted the ALJ's opinion. From that finding comes this appeal. We reverse and remand for further proceedings.

I. *Facts*

On July 11, 2018, Melius, a treatment nurse at Chapel Ridge Nursing Center, reported an on-the-job injury to her right thigh and buttock that occurred after helping lift a patient who was being transferred to the emergency room. The relevant medical evidence provides that the day of the injury, she was seen by Dr. Keith Holder at Mercy Clinic. According to Dr. Holder's notes, Melius complained of a sharp, shooting pain in her right gluteal area that

began when she began to walk away after helping lift a patient from the bed to a gurney. Dr. Holder's examination notes indicated that Melius had pain to palpitation over the piriformis in her right hip. Dr. Holder diagnosed Melius with a strain of muscle, fascia, and tendon of right hip. She was given a prescription for tizanidine, which is used to treat muscle spasticity, and placed on restricted-duty work status, which restricted lifting to twenty pounds or less and limited bending, stooping, and twisting. It was also recommended that Melius alternate between sitting, standing, and walking as tolerated. Dr. Holder additionally noted that Melius suffered from rheumatoid arthritis and could continue to take naproxen as previously prescribed.

Melius was seen by Dr. Holder on July 19 for a follow-up appointment for continued complaints of pain in her right gluteal area. Dr. Holder recommended physical therapy for the pain. She was again seen by Dr. Holder on July 26 for continued complaints of her right gluteal area and noted that Melius had tenderness over the right piriformis and there was pain to palpation over that area. Melius was given additional prescriptions for Robaxin, a muscle relaxer, and a TENS unit. Dr. Holder noted that physical therapy had been recommended, but she had yet to schedule. Melius returned to see Dr. Holder on August 2, noting improvement but continued tenderness over the right piriformis, and he again recommended physical therapy.

On August 13, Melius first reported to a physical therapist at Mercy Clinic. Melius returned for physical therapy on August 15, 16, 20, 22, and 24.

Melius saw Dr. Holder on October 2 for the sixth examination for her hip strain. His request for an MRI was denied, and he was going to refer Melius for a steroid injection of the ischial bursa at pain management. Melius was again seen on November 6 by Dr. Holder. His notes indicate that Melius's pain level at night had increased and that she had not yet tried

gabapentin that was prescribed for relief. Dr. Holder referred Melius to a pain-management specialist for an injection.

On November 13, Melius reported to the Mercy Clinic Department of Pain Medicine and was seen by Dr. Brian Goodman. He noted that her "[r]ight buttocks were tender to palp" and assessed her with a (1) muscle strain—likely gluteal and (2) possible piriformis syndrome. Melius was given a trigger-point injection in her right gluteal muscle and was recommended to make a follow-up appointment in one month to evaluate piriformis pain and to consider whether a piriformis injection was needed.

Melius was seen by Dr. Holder again on November 30, and he noted she had tenderness over the right piriformis insertion at the ischial bursa. Dr. Holder's note indicated that Melius had an injection by Dr. Goodman and was to return to him in two weeks for another one. Melius indicated that she felt a mild decrease in pain after the steroid shot.

Following a hearing on Melius's claim for workers'-compensation benefits, the ALJ denied benefits for Melius's injury, finding Melius failed to prove by a preponderance of evidence that she sustained a compensable injury to her right buttock and thigh and failed to provide evidence in the form of objective medical findings to support her contention that she suffered spasms related to the injury on July 11, 2018. The ALJ stated, "She stated she had pain and spasms 1–4 times per day. The medical evidence, however, does not support her contentions. She was treated by several physicians, none of whom found evidence of spasms or made any notations for objective findings of spasms." The ALJ denied admissibility of a cell-phone video and photographs of spasms due to lack of authenticity. Furthermore, the ALJ did not find Melius's testimony credible.

Melius appealed the denial of benefits to the Commission, which affirmed and adopted the ALJ's opinion. Arkansas law permits the Commission to adopt the ALJ's opinion as its own. *Ark. Highway & Transp. Dep't v. Work*, 2018 Ark. App. 600, 565 S.W.3d 138. If the Commission adopts the ALJ's opinion, the ALJ's findings of fact and conclusions of law are made the Commission's findings of fact and conclusions of law, and this court considers both the ALJ's opinion and the Commission's majority opinion on appellate review. *Univ. of Ark. at Pine Bluff v. Hopkins*, 2018 Ark. App. 578, 561 S.W.3d 781. Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's opinion.

## II. *Standard of Review*

In appeals involving workers'-compensation claims, this court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Marshall v. Ark. Dep't of Corr.*, 2020 Ark. App. 112, 594 S.W.3d 160. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission; if so, the appellate court must affirm. *Id.* When the Commission denies a claim due to the claimant's failure to meet his or her burden of proof, the substantial-evidence standard of review requires this court to affirm the Commission's decision if the opinion displays a substantial basis for the denial of relief. *Id.* We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Fred's, Inc. v. Jefferson*, 361 Ark. 258, 206 S.W.3d 238 (2005).

A compensable injury must be established by medical evidence supported by objective findings. Ark. Code Ann. § 11-9-102(4)(D) (Supp. 2019). "Objective findings" are those findings that cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16)(A)(i). Complaints of pain are not be considered objective medical findings. Ark. Code Ann. § 11-9-102(16)(A)(ii)(a). The burden of proving a specific-incident compensable injury is the employee's and must be proved by a preponderance of the evidence. Ark. Code Ann. § 11-9-102(4)(E)(i).

As a preliminary matter, the ALJ found that Melius's testimony was not credible in light of the balance of evidence presented, and this court does not second-guess credibility determinations made by the Commission. *Bittle v. Wal-Mart Assocs., Inc.*, 2017 Ark. App. 639, 537 S.W.3d 753. Questions concerning the credibility of witnesses and the weight given to their testimony are within the exclusive province of the Commission. *Frost v. City of Rogers*, 2016 Ark. App. 273, 492 S.W.3d 875. The Commission is not required to believe the testimony of the claimant or any other witness but may accept and translate into findings of fact only those portions of the testimony that it deems worthy of belief. *Marshall*, 2020 Ark. App. 112, at 5, 594 S.W.3d at 163. When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and to determine the true facts. *Id.* Thus, our decision in this case is not based on Melius's testimony. Furthermore, we will not consider the photos or video because the ALJ found they were not properly authenticated. We will not disturb evidentiary rulings by the Commission absent an abuse of discretion. *Bryant v. Staffmark, Inc.*, 76 Ark. App. 64, 61 S.W.3d 856 (2001). We do not find that the evidentiary ruling was an abuse of discretion; therefore, our analysis will not include the video or pictures.

Appellant was diagnosed with a strain of muscle, fascia, and tendon of right hip, received medication, and subsequently was referred to physical therapy and a pain specialist for relief. What is disputed is whether appellant presented proof of objective medical evidence and whether the injury was work related. Following our supreme court's precedent, we agree with appellant's argument that her diagnosis of muscle strain along with prescribed treatment of medications, physical therapy, and pain management is sufficient to establish objective findings. *See Fred's, Inc.*, 361 Ark. 258, 206 S.W.3d 238. In *Fred's, Inc.*, no physician or physical therapist reported witnessing or feeling Jefferson's muscle spasms. *Id.* at 262, 206 S.W.3d at 241. The doctor noted Jefferson's work-related injury (falling off a ladder) in the medical record; diagnosed a muscle strain; and prescribed Flexeril, a muscle relaxer, pain medication, and physical therapy. *Id.* at 263, 206 S.W.3d at 242. Jefferson was also placed on limited work duties and ordered to not engage in lifting more than ten pounds. *Id.* Jefferson's doctor did not indicate what the medications were for or state specifically why he prescribed physical therapy. The supreme court held that it is reasonable to infer from the chronology of events that the medication and physical therapy were prescribed to aid Jefferson and to treat her injury and that the medical evidence was supported by objective findings. *Id.*

In addition, there is no requirement under Arkansas law that a doctor, physical therapist, or other medical provider actually observe a patient having a muscle spasm before an employee's injury can be compensable. *See Estridge v. Waste Mgmt.*, 343 Ark. 276, 33 S.W.3d 167. In *Estridge*, the supreme court held that straightening of the curve in the spine was an objective finding supporting a back injury because this finding is normally associated with muscle spasm, and the doctor in that case prescribed medication "as needed for muscle spasm." *Estridge*, 343 Ark. at 282, 33 S.W.3d at 171. This was found to be objective evidence of injury with no

evidence to the contrary. *Id*. Furthermore, the supreme court held that a doctor would not prescribe medications used for muscle spasms if he or she did not believe that muscle spasms were existent. *Id*.

Arkansas Code Annotated section 11-9-102(4)(A)(i) defines compensable injury as "[a]n accidental injury causing internal or external physical harm to the body . . . arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is accidental only if it is caused by a specific incident and is identifiable by time and place of occurrence." The ALJ found, "There are no physicians' records reflecting that the claimant ever had a spasm while being examined, despite the fact that she testified to having spasms 1-4 times per day," and the Commission adopted this finding. In *Continental Express, Inc. v. Freeman*, 66 Ark. App. 102, 989 S.W.2d 538 (1999), the supreme court held there were objective medical findings to support a lower back injury where the claimant complained of muscle spasms in the back and the medical records indicated that muscles spasms were observed by the physical therapist on two occasions. Although *Continental Express* may be relied on for the proposition that muscles spasms may be a compensable injury and that viewing by a third party equated to objective medical findings, given our supreme court's holdings in both *Estridge* and *Jefferson*, the Commission erred in holding that a doctor or a physical therapist must actually view muscles spasms as a requirement for muscle spasms to be a compensable injury.

Accordingly, we hold that a reasonable inference from the chronology of events is that the medications, physical therapy, and pain management were prescribed to aid Melius and to treat her injury, and there was no evidence introduced to the contrary. Any other construction of these events does not withstand scrutiny or pass the test of reasonableness. *See Jefferson*, 361 Ark. at 265, 206 S.W.3d at 243. Fair-minded persons with the same facts before them could

7

not have reached the conclusions that the Commission did. The medical evidence presented by Melius did contain objective medical findings in the form of the observations of the doctors as to the noted tenderness, the prescribed treatment for muscle spasms in the form of medication, physical therapy, and pain management. Other determinations regarding the compensability of the injury were not addressed upon the finding that Melius did not present objective medical findings. Therefore, we reinstate Melius's case and remand for further determinations of whether she suffered a compensable injury to her buttock and thigh on July 11, 2018, whether she is entitled to medical treatment, and whether she is entitled to temporary partial-disability benefits.

Reversed and remanded.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Caddell Reynolds*, by: *Matthew J. Ketcham*, for appellant.

*Frye Law Firm, P.A.*, by: *William C. Frye*, for appellees.