Cite as 2021 Ark. App. 316

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–20–634

| | |
|---|---|
| CHESTER BRADFORD | **Opinion Delivered** September 1, 2021 |
| APPELLANT/CROSS-APPELLEE | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| V. | |
| STRACENER BROTHERS CONSTRUCTION CORPORATION AND SUMMIT CONSULTING, LLC | [NO. G801130] |
| APPELLEES/CROSS-APPELLANTS | AFFIRMED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL |

## MIKE MURPHY, Judge

The appellant/cross-appellee, Chester Bradford, appeals the finding of the Arkansas Workers' Compensation Commission (the Commission) that he was not entitled to temporary total-disability benefits after March 27, 2018. The appellee/cross-appellant, Stracener Brothers Construction Corporation (Stracener Brothers), contests the entire claim asserting that the Commission erred when it found that the injury was compensable at all. We affirm on both direct and cross-appeal.

We review Commission decisions to determine whether there is substantial evidence to support them. *Towler v. Tyson Poultry, Inc.*, 2012 Ark. App. 546, at 2, 423 S.W.3d 664, 666. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Id.* If reasonable minds

could reach the result found by the Commission, we must affirm. *Grothaus v. Vista Health, L.L.C.*, 2011 Ark. App. 130, 382 S.W.3d 1.

For the sake of discussion, we will address the cross-appeal first. Stracener Brothers asserts that the Commission erred when it found that Bradford suffered a compensable injury. Arkansas Code Annotated section 11-9-102(4)(A)(i) (Supp. 2019) defines a compensable injury as

> [a]n accidental injury causing internal or external physical harm to the body . . . arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is identifiable by time and place of occurrence[.]

A compensable injury must be established by medical evidence supported by objective medical findings. Ark. Code Ann. § 11-9-102(4)(D). "Objective findings" are those findings that cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16). Furthermore, an employer takes an employee as he finds him, and employment circumstances that aggravate preexisting conditions are compensable. *Grothaus*, 2011 Ark. App. 130, at 8, 382 S.W.3d at 5.

Bradford was fifty-nine years old when he worked for Stracener Brothers on May 11, 2017. The record provides that, on that day, Bradford was putting up siding when a strong gust of wind caught the large piece of siding he was carrying (about four feet by eight feet in size and between fifty and sixty pounds by Bradford's estimate) and caused his back to twist. He suffered from immediate back pain and reported the incident to his supervisor. On May 19, 2017, Dr. Ronald Smith diagnosed Bradford as having a lumbosacral strain. He prescribed a muscle relaxer, Flexeril. On May 30, 2017, a nurse practitioner prescribed Bradford Robaxin for muscle spasms. Medical reports on September 8, 2017, and January 12, 2018, also note spasms. A diagnosis of muscle strain along with prescribed treatment of medications and pain management is sufficient to establish objective findings of a compensable injury. *Melius v. Chapel*

*Ridge Nursing Ctr., LLC*, 2021 Ark. App. 61, at 6, 618 S.W.3d 410, 414, *reh'g denied* (Mar. 17, 2021). This record supports a finding of a compensable injury.

It is true that an MRI on June 6, 2017, denoted a lesion at T5 (a soft tissue mass around his midback), and doctors later concluded it was likely a vertebral body hemangioma. But the notes following that MRI from Dr. Smith include a myofascial-strain diagnosis for the thoracolumbar area along with the mass lesion. This was the point that Bradford was taken off work completely. Dr. Smith's notes following that MRI provide that Bradford

> continues to have a great deal of problems in terms of pain and discomfort which we're going to give him some more pain medication but our scan has returned and our T5 vertebral body, again radiologist calls it one of three things, it could be a whole bunch of other things but his primary thoughts on that, #1 primary bone cancer, #2 metastatic bone cancer, #3 some sort of atypical hemangioma. I tend to lean toward that because of the smooth bordered oval shaped soft tissue mass that you can see on the plain x-ray so I'm hopeful that's what it is. This is obviously not a Workman's Comp thing so Workman's Comp I'm sure is not going to take care of it, if they do I'll be very, very surprised and so with the absence of insurance I think probably the best chance to get him taken care of is to refer him to Medical Center in Little Rock and we're going to try to do that.

Dr. Smith further provided that Bradford could return to work once "there is definition and treatment of his thoracic spine problem."

On the basis of Dr. Smith's notes, the appellee argues on cross-appeal that the Commission erred in awarding Bradford any temporary total-disability benefits at all. They assert that Bradford was taken off work for his suspected cancer diagnosis, not because of the injury he suffered on May 11. Bradford, on his direct appeal, argues that the Commission erred when it cut him off from temporary total-disability benefits on March 27, 2018. Bradford asserts that instead, he should be awarded temporary total-disability benefits through a date yet to be determined.

Temporary total disability occurs when a claimant is within his healing period and suffers a total incapacity to earn wages. *Hines v. Cent. Ark. Transit Auth.*, 2019 Ark. App. 553, at 4–5, 590 S.W.3d 750, 753. The healing period continues until the employee is restored as much as the permanent character of his injury will permit; the healing period ends when the underlying condition that caused the disability is stabilized, and no additional treatment will improve the condition. *Id.* The Commission determines as a matter of fact when the healing period has ended. *Id.* Its decision will be affirmed on appeal if it is supported by substantial evidence. *Id.*

The Commission found that Bradford proved he was entitled to temporary total-disability benefits beginning June 8, 2017 (the day following the MRI) and continuing through March 27, 2018. We affirm the finding that Bradford sustained a compensable injury. There is evidence in the record that he was taken off work by his treating physician, in part, because of a back strain. The Commission reasoned that even though Dr. Smith was unsure about whether the greater issue was not a "Workman's Comp thing," an employer is required to take the employee as he finds him, and employment circumstances that aggravate preexisting conditions are compensable. *Williams v. L&W Janitorial, Inc.*, 85 Ark. App. 1, 9, 145 S.W.3d 383, 388 (2004). The Commission found that the May 11 compensable injury aggravated the preexisting tumor. At a medical assessment on January 12, 2018, Bradford was still suffering "L5S1 spasm, pain on flexion on neck and back." Muscle spasm was again reported on February 23, 2018. This is all evidence that Bradford was in his healing period, which supports the Commission's finding during this time.

Bradford saw a new doctor, Dr. Sonjay Fonn, on March 27, 2018. Dr. Fonn reviewed Bradford's medical history and new imaging and concluded, from diagnostic studies, that there was "no evidence of tumor that patient had reported he had been told was previously present;

4

however, he will proceed with MRI of the thoracic spine." Dr. Fonn stated that Bradford's current work restrictions were "[n]one." Considering Dr. Fonn's evaluation, then, it was not erroneous for the Commission to conclude that Bradford's healing period ended on March 27, 2018. Accordingly, it was not erroneous to award temporary total-disability benefits for the time between June 8, 2017, and March 27, 2018. Furthermore, because Bradford was in his healing period, he then necessarily did not refuse suitable employment pursuant to Arkansas Code Annotated section 11-9-526 (Repl. 2012).

Bradford argues that he was still in his healing period after March 27, 2018. He points to a medical evaluation he received on May 22, 2018, by Dr. Wendell Elliott who reported that he would consider Bradford "as likely disabled for DFS purposes[,] mainly on basis of T spinal pathology." The Commission specifically addressed this and found that the report from Dr. Fonn should be afforded more evidentiary weight. The Commission has the duty of weighing medical evidence and, if the evidence is conflicting, its resolution is a question of fact for the Commission. *Williams*, 85 Ark. App. at 4, 145 S.W.3d at 384. We affirm.

Affirmed on direct appeal; affirmed on cross-appeal.

HARRISON, C.J., and GRUBER, J., agree.

*Caldwell Law Firm, P.A.*, by: *Andy L. Caldwell*, for appellant/cross-appellee.

*Jason M. Ryburn*, for appellees/cross-appellants.